WINKELMAN, Respondent, v. MADDOX et al., Appellants.

St. Louis Court of Appeals, May 22, 1906.

1. **PRACTICE: Verdict: Finding on all Issues Submitted.** The verdict of a jury must be responsive to the issues and must find all the issues submitted either for or against the parties between whom they are raised.

2. ———: ———: **Counterclaim.** Under section 726, Revised Statutes 1899, in an action for a certain sum of money against three defendants, where one of them filed a counterclaim, the verdict of the jury in favor of the plaintiff which did not contain a finding for or against the counterclaim was error.

3. ———: ———: ———: **One Defendant Omitted.** The verdict of the jury, in a case where there were three defendants sued, which found against two of them without any finding for or against the third defendant, was error.

Appeal from Clark Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED.

*C. T. Llewellyn* for appellant.

(1) This verdict, "We the jury find for the plaintiff on the account sued on in the sum of 161.72 as against Charles Maddox and Lee Coe. Geo. W. Hale, Foreman," is fatally defective in not finding as to all the issues. The issues were: Whether defendants or any of them were liable to plaintiff? Whether plaintiff was liable to defendant Charles Maddox on his counterclaim? And what defendants, if any, were liable to plaintiff? The jury found for plaintiff on account sued on against two of the defendants and wholly failed to find for either party as to Charles Maddox's counterclaim. Fenwick v. Logar, 1 Mo. 401; Easton v. Collier, 1 Mo. 421; Hickman v. Byrd, 1 Mo. 495; Parker's Admr. v. Moore, 29 Mo. 218; Allison v. Darton, 24 Mo. 343; Cattell v. Dispatch Pub. Co., 88 Mo..356; 2 Thompson on Trials, p. 2001; 29 Am. and Eng. Ency. of Law (2 Ed.), p. 1012. (2) The jury in their verdict should have affirmatively found upon defendant Charles Maddox's counterclaim. Henderson v. Davis, 74 Mo. App. 1; Hitchcock v. Baughan, 44 Mo. App. 42; Marshall v. Armstrong, 105 Mo. App. 234, 79 S. W. 1161; Kenney v. Railroad, 79 Mo. App. 204; Erdbruegger v. Meir, 14 Mo. App. 258; Parsons et al. v. Randolph, 21 Mo. App. 353. (3) The verdict does not find as to defendant John Maddox. Where there are several defendants, there must be some finding as to all of them. A verdict against a part of them without saying anything as to the others will not support a judgment. Schweickhardt v. St. Louis, 2 Mo. App. 571; Joseph Eichelmann v. Weiss, 7 Mo. App. 87; McCord's Admr. v. McCord, 77 Mo. 166; Ferguson v. Thatcher, 79 Mo. 511; Miller v. Bryden, 34 Mo. App. 602.

*Berkheimer & Dawson* for respondent.

The verdict is sufficient. Saddlery Co. v. Bullock, 86 Mo. App. 89; Jones v. Railroad, 89 Mo. App. 664.

The verdict is sufficient and should be liberally construed; 161.72 is sufficient to designate the amount $161.72. Holmes v. Braidwood, 82 Mo. 610; McCormick v. Hickey, 24 Mo. App. 362; Cattell v. Dispatch Pub. Co., 15 Mo. App. 587; Kenney v. Railroad, 79 Mo. App. 204; Pope v. Ramsey, 78 Mo. App. 157.

NORTONI, J.—This suit is on an implied promise to pay the value of a lot of barbed wire, staples and nails alleged to have been delivered by plaintiff to the defendants for the purpose of selling the same under a contract to the effect that defendants should sell the goods and pay the proceeds to the plaintiff. It is alleged that the defendants sold the same and retained the moneys received therefor, amounting to $161.72. Defendant, Charles Maddox, filed a separate answer, consisting of, first, a general denial, and second, a counterclaim for the amount of $47 properly pleaded. To this counterclaim, plaintiff made a general denial in his reply. The separate answer of defendants M. L. Maddox, John Maddox and Lee Coe were general denials.

The case was tried before a jury in the circuit court and prior to the submission, the plaintiff dismissed as to defendant M. L. Maddox, and the issues raised by the general denial of John Maddox and Lee Coe were submitted to the jury. The issues raised by the general denial of Charles Maddox and the issues raised on his counterclaim and plaintiff's denial thereof were also submitted. The jury, having considered the case in part at least, returned into court the following verdict: "We, the jury, find for plaintiff on the account sued on in the sum of 161.72 against Charles Maddox, and Lee Coe. Geo. W. Hale, Foreman." It will be noted that in this verdict, the issues between plaintiff and but two of the defendants are mentioned. No notice is taken of the issue between the plaintiff and the defendant John Maddox. It will also be noticed that the verdict makes no

finding for or against the defendant Charles Maddox on his said counterclaim of $47. These matters were during the same term of court and within four days after the return of the verdict, specially called to the attention of the trial court by proper motion in arrest of judgment and the court was thereby moved to arrest the judgment herein for the reasons set out in such motion. This the court declined to do. Upon its overruling said motion in arrest, defendants saved an exception and bring the case here by appeal for review.

The learned trial judge erred in overruling the motion in arrest.

1. It is well settled that the verdict of the jury in civil cases must find all that there is in issue between the parties. It must be responsive to the issues made by the pleadings and must find all of the issues submitted either for or against the parties between whom the issues were raised. [Fenwick v. Logan, 1 Mo. 401; Raston v. Collier, 1 Mo. 421; Hickman v. Byrd, 1 Mo. 495; Parker's Admr. v. Moore, 29 Mo. 218; Allison v. Darton, 24 Mo. 343; Cattell v. Dispatch Pub. Co., 88 Mo. 356; 29 Am. and Eng. Ency. Law (2 Ed.), 1012; 2 Thompson on Trials, sec. 2630.]

2. And in accord with this proposition, it has been frequently decided that the jury, by their verdict, must make response to the issues arising and submitted on a defendant's counterclaim, and that there must be an affirmative finding for or against such counterclaim. The counterclaim is a distinct and independent cause of action asserted by a defendant against the plaintiff, and when the defendant avails himself of the privilege under the statute, of pleading it and thus bringing his counter cause of action into the case as against that asserted by the plaintiff, and the issue is made up thereon and submitted, he is entitled to have an adjudication of his rights with respect to such counterclaim, and if an amount is found to be due him thereon, it is ex-

pressly provided by our statute that it is the duty of the jury to so say in their verdict. [Sec. 726, R. S. 1899.] And as a correlative proposition, in the event they find no amount due him, he is entitled to have the jury so say in their verdict, that he may understand his rights as determined in the case and form an intelligent notion as to his further conduct thereabout, whether he will abide by the result or seek further redress by motion for new trial, in arrest, or process for review in the appellate courts, and it has been frequently decided that the jury's failure to find the issues for or against the counterclaim is a substantial and reversible error, and for which, in this case, the court should have set aside the verdict and ordered a new trial. [Erdbruegger v. Meier, 14 Mo. App. 258; Henderson v. Davis, 74 Mo. App. 1; Marshall v. Armstrong, 105 Mo. App. 234, 79 S. W. 1161; Parsons v. Randolph, 21 Mo. App. 353.]

3. There was no verdict rendered as to defendant John Maddox. There should have been a finding for or against him inasmuch as the issues as to his indebtedness were submitted to the jury and the failure of the jury to make an affirmative response either for or against him by its verdict, on the issues between plaintiff and himself, was substantial error against which the judgment on such verdict cannot be upheld if properly attacked by motion in arrest in proper time, as was done in this case by those defendants against whom the judgment was entered. The principle that the defendant in a judgment can attack the judgment because of such insufficiency of the verdict, as to a co-defendant, with respect to whom no affirmative finding is had for or against, amounts to 'no more than the principle first above stated; that when there are several issues submitted in a civil action, the verdict must respond to all of them, and in event of its failure to do so, it will be 'adjudged insufficient on motion in arrest, and in fact, the principle that the verdict, failing to respond on the counterclaim, is fatally defec-

tive, if properly attacked amounts to no more than the principle first above stated; that the verdict must respond to all of the issues. There are numerous decisions sustaining each of the propositions stated. [Schweickhardt v. St. Louis, 2 Mo. App. 571; Miller v. Bryden, 34 Mo. App. 602; Eichelmann v. Weiss, 7 Mo. App. 87; McCord v. McCord, 77 Mo. 166; Ferguson v. Thatcher, 79 Mo. 511.]

For the errors above mentioned, the judgment will be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.