W. A. DISBROW, Respondent, v. PEOPLE'S ICE, STORAGE & FUEL COMPANY, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. TRIAL PRACTICE: Evidence: Uncertainty: Guess Work. Certain evidence relating to the condition of butter received from a cold storage warehouse, is held to be indefinite, and the verdict guesswork.

2. ——: ——: Instruction: Comment. An instruction telling the jury that if they found that certain butter was' tested according to the usual commercial test, etc., then they could find that the butter was delivered in good condition, is condemned as an invasion of the province of the jury in regard to the weight and credibility of evidence; and also was a comment upon the evidence in calling attention to the method of inspection and determining what was sufficient inspection.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

REVERSED AND REMANDED.

*Warner, Dean, McLeod & Timmonds* for appellant.

(1) There is no evidence to support the verdict of the jury as to the amount of plaintiff's damages. (2) Where damages resulting from a breach of a contract are capable of being estimated by a strict money standard, it is incumbent upon the party claiming them to give evidence of the amount of his damages; otherwise, his recovery will be confined to nominal damages. Barngrower v. Maack, 46 Mo. App. 407; Webb v. Coonse, 11 Mo. 9; Shudy v. Brick Works, 25 Mo. App. 527; Stewart v. Patton, 65 Mo. App. 21; Burdall v. Johnson, 122 Mo. App. 119. (3) The court committed error in giving plaintiff's instruction number 4. (4) The court committed error in the giving of plaintiff's instruction num-

ber 2. Shanahan v. Transit Co., 109 Mo. App. 228; Imboden v. Trust Co., 111 Mo. App. 243; Eckhard v. Transit Co., 190 Mo. 630.

*Karnes, New & Krauthoff* and *Arthur Miller* for respondent.

(1) The testimony of Mr. Lohse shows that the market price of butter of this grade which was not tainted with a fruity or ammonia flavor would have been from twenty-four to twenty-five cents per pound. (2) "When property is not entirely lost or destroyed, but only impaired in value, the measure of damages is the difference between the value before the injury and immediately thereafter, and the reasonable expenses incurred or value of time spent in reasonable endeavor to preserve or restore the property injured." Cunningham v. Dickerson, 104 Mo. App. 413; 1 Field on Damages, 621; Dietrich v. Railroad, 89 Mo. App. 36; Hoffman v. Railroad, 51 Mo. App. 273. (3) The only objection appellant has to this instruction is that it assumes that the fruity or ammonia flavor would damage the butter. The testimony of all of the witnesses was to the effect that a fruity or ammonia flavor would damage butter, and this was the theory on which both sides tried this case; in fact, the defendant asked an instruction which the court gave, which is as follows: (4) A party cannot complain of an error in an instruction given for the opposite party, when his own instructions contained the same error. Holmes v. Bradwood, 82 Mo. 616; Davis v. Brown, 67 Mo. 314; Thorpe v. Railroad, 89 Mo. 666; Christian v. Insurance Co., 143 Mo. 467; Smart v. Kansas City, 208 Mo. 204; Tube Wks. Co. v. Ice Mach. Co., 201 Mo. 64; Soldanels v. Railroad, 23 Mo. App. 516, 522; McDonald & Co. v. Cash, 45 Mo. App. 66, 81; Nagel v. Transit Co., 104 Mo. App. 438, 444. (5) It is next contended by appellant that the court erred in giving instruction number 2 for the plaintiff for various

reasons. First it is claimed that there is no evidence that the usual commercial test was applied to any of the butter. This is erroneous. (6) An instruction which merely states the essential facts which the plaintiff is required to show in order to authorize a verdict for him is not a commentary on the evidence. Milling Co. v. McWilliams, 121 Mo. App. 319; Lumber Co. v. Hartman, 45 Mo. App. 647.

BROADDUS, P. J.—This is a suit to recover $3,371.29 as damages by reason of the defendant's careless and negligent handling of a lot of creamery butter stored by the respondent in the defendant's storage house. The plaintiff is engaged in the wholesale butter business in Kansas City. The defendant is a corporation engaged in the ice and cold storage business, whereby it receives fruit, butter, eggs and other commodities to be kept in cold storage rooms for preservation.

During the months of June, July, August and September of 1905, plaintiff delivered to defendant about forty-five hundred pounds of creamery butter for the purpose of having it stored and properly kept in the cold storage vault of defendant. The butter in question came from creameries in different parts of Kansas in tubs of about sixty pounds each. The defendant did not inspect the butter. It was inspected by plaintiff on receiving it in the following manner. From three to five tubs out of a lot of fifty were tested by the use of an instrument called a "tryer" which was in the form of a hollow tube which would be run to the bottom of a tub and, on being pulled out, would contain a core of butter. An examination of this core would be sufficient to inform an expert practically of the condition of the entire tub. The plaintiff's testimony was to the effect that the butter thus inspected showed no foreign flavor, but that when it was redelivered to him by defendant on the 13th day of October, 1905, it had a fruity or ammonia flavor. His evidence also tends to show that it must have been thus

injured by coming in contact with the flavor of fruit at defendant's storage plant. Other reference will be made to the testimony in the course of the opinion.

Defendant set up a counterclaim which was allowed and plaintiff recovered in the sum of $2,792.20. The defendant appealed.

The appellant's principal ground of complaint against the judgment is that there was no evidence upon which to base any estimate of damages. The plaintiff's evidence was to the effect that the butter was extra in quality—the best; that after it was redelivered to him he sold some of it in New York and some to his customers in Kansas City to the amount of eight thousand or ten thousand pounds at thirteen and one-half cents per pound; that the market price of that sent to New York did not much exceed that sold as packing stuff in Kansas City; that butter of the kind is called packing stuff. Plaintiff testified that the market price of the butter was, "Along about 25, 24 to 25 cents in a small way—jobbing rate 22 or 23 cents." A witness for plaintiff by the name of Lohse testified that the market price of first-class creamery butter was about twenty-seven cents and that after it had been in storage it was not worth quite so much, but was worth from twenty-four to twenty-five cents per pound.

If all the butter claimed to have been damaged while in storage was worth only thirteen cents per pound, the jury would have had sufficient data from which they could have arrived at a correct verdict, but it appeared in plaintiff's testimony that some of the damaged butter, after the outside had been taken off, sold for nearly the price of first-class storage butter undamaged, and some for less, but for more than thirteen cents per pound. This left the evidence in such a state of uncertainty that plaintiff's damages could not be computed and, such being the case, the verdict was the result of guesswork.

We believe that instruction No. 4, given for plaintiff, is unobjectionable, but instruction No. 2, given for

plaintiff is erroneous. It reads as follows: "The court instructs the jury that it is not necessary for plaintiff to show that each tub of butter delivered to the defendant was inspected, but, if you find from the evidence that said butter was found, according to the usual commercial test, to be creamery butter and free from fruity or ammonia flavor, then you may find that said butter was delivered to the defendant in good condition."

Notwithstanding the jury may have been authorized to base their finding as to the purity of the butter upon the test in question, it was error to tell them that on such evidence they might find that it was delivered to defendant in good condition. It was not for the court to instruct as to the weight or credibility of evidence—that was an invasion of the province of the jury. The credit and weight of evidence is a matter solely for the consideration of a jury. The instruction was also in the nature of a comment upon the evidence in calling attention to the method of inspection and telling the jury they might find it sufficient to authorize it to return a verdict that the butter was in good condition when delivered to defendant. It is not permissible for a court thus to particularize certain evidence and tell the jury that it was sufficient to authorize them to find one way.

The cause is reversed and remanded. All concur.