## ADVANCE THRESHER COMPANY, Appellant, v. ALBERT SPEAK et al., Respondents.

### Kansas City Court of Appeals, November 25, 1912.

1. **VERDICT: Judgment: Record Proper.** A verdict and judgment are each a part of the record proper.

2. ———: ———: **Responsive to Issues: Reversal.** A verdict must be responsive to all the material issues in a cause, and if there is no finding as to some of them, the judgment will be reversed on appeal.

3. ———: ———: ———: **Defect: Material: Motion in Arrest: Bill of Exceptions.** If the defect in a verdict is informal or immaterial. it must be attacked by a motion in arrest and exceptions saved. But if the defect is material, or fatal, it will be examined on appeal, as a part of the record proper, though there is no motion or bill of exceptions.

4. ———: ———: ———: **Issues: Fatal Defect.** A. brought replevin against B. for a steam engine, plow and two horses. The answer set up that B. had bought the engine of A. for $2000 and given his notes for the purchase price, and that he had paid $858 on the notes; that the engine would not work properly and in consequence he had suffered damages in the sum of $1300; that the engine was only worth $700. And judgment was asked for a cancellation of the notes, for a return of the property taken by the sheriff, and for the damages. The verdict was: "We, the jury, find for the defendant and assess the amount due him at $735.00 dollars." It was held that the issues were not found; that the defect was material; and that the judgment should be reversed on appeal on the record proper, though there was no motion in arrest.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Fugate & Son* and *Campbell & Ellison* for appellant.

(1) Before a purchaser can defeat the entire claim of the purchase price of a chattel he must not only allege and prove that the machine did not answer the

demands of the warranty, but he must also show that he returned or offered to return the machine, or that it was entirely worthless for any purpose. McCormick v. Brady, 67 Mo. App. 292. (2) The terms of the warranty were in writing and this writing fixed the rights of the parties to this action. Company v. Holbeck, 109 Mo. App. 179. (3) There is no evidence that the signatures of the respondents were procured by fraud. And it was error to give respondents' instruction No. 2, submitting that issue. Shanley v. Company, 63 Mo. App. 123. (4) Instruction No. 2 is erroneous in that it gave the jury a roving commission "to allow to the defendants such damages as you may believe and find they have sustained by reason of the failure of said machinery to comply with the terms of said warranty." Matney v. Company, 19 Mo. App. 107; Camp v. Company, 94 Mo. App. 272; Hawes v. Company, 103 Mo. 60. (5) There is no evidence that tends to show the profit that respondents could or would have made out of their alleged contract for plowing, nor is there any evidence tending to show the value of their services during the period of time they would probably have been engaged. Where there is no evidence tending to show the amount of damage, it is error for the court to submit the cause to the jury. Houch v. Company, 116 Mo. App. 559; Willis v. Company, 111 Mo. App. 580.

*Smoot & Cooley* and *J. E. Rieger* for respondents.

(1) There being no motion for new trial nor in arrest of judgment, nor exceptions to the overruling of same, preserved in the alleged bill of exceptions, there is nothing before this court for review but the record proper. State v. Finley, 193 Mo. 202; Roden v. Helm, 192 Mo. 71; Skaggs v. Insurance Co., 94 Mo. App. 88. (2) In an action of replevin for recovery of property under a chattel mortgage, all controversies growing out of the transaction which gave rise to the

mortgage may be settled in one action. Defendant may by answer tender equitable issues and recover damages for breach of warranty or, of the contract, and may have affirmative relief and judgment for an amount above what is due plaintiff. McCormick Harvesting Co. v. Hill, 104 Mo. App. 544; Ritchie v. Hayward, 71 Mo. 560; Bowman & Co. v. Lickey, 86 Mo. App. 47.

ELLISON, J.—Plaintiff's action is replevin whereby it seeks to recover a lot of personal property. Defendants had judgment in the circuit court. Plaintiff appealed. There is no bill of exceptions and we have only to ascertain whether the record proper discloses any legal cause for our interference.

The petition, answer, reply, verdict and judgment, composing the record proper, are set out in the transcript and we will confine our investigation to these. The petition is in replevin and plaintiff seeks to recover from defendants' possession thirteen head of live stock, a wagon, harness, and one "Advance 26 horse power steam engine with hose," with all appliances for plowing and harrowing, all of the value of $1040. Damages for the detention of the property, in the sum of $500, is also claimed.

The answer is a general denial and a counterclaim. In setting forth the ground of the counterclaim, defendants have stated the cause of the controversy. It appears that defendants bought, at the price of $2000, the steam engine of plaintiff largely on credit, executing their notes for the purchase money and giving a chattel mortgage on the engine and the other property, to secure their payment. That when they came to work it, they found it would not do practical plowing, and was not worth to exceed $700. It is alleged in the answer that defendants had contracted for breaking sod for others, whereby they could have made a profit of $800, and that they could not do the work on account

of the engine not working. It is also alleged that of the personal property mortgaged to plaintiff the sheriff took by the replevin writ the engine, and two of the horses valued at $200, and turned them over to plaintiff. Payments on the notes aggregating $858 are alleged. Finally it is alleged that defendants "are otherwise damaged in the sum of $500." The prayer of the answer is that the court order a return of the property; that defendants' damages be ascertained, and that their notes be ordered surrendered.

The verdict was as follows: "We, the jury, find for the defendants and assess the amount due them at $735 dollars." The judgment following the verdict as set out in the record was: "It is therefore considered and adjudged by the court that the defendants have and recover of and from the plaintiff the said sum of seven hundred thirty-five dollars ($735) so found and assessed by the jury to be due them, together with costs in this behalf laid out and expended, taxed at —— dollars ($——) and that they have execution therefor."

As we have stated, we have no guide as to what transpired in the trial court except what is shown by the record proper, which includes the verdict and judgment. [Bateson v. Clark, 37 Mo. 31; Lilly v. Menke, 126 Mo. 190, 212.]

As we understand defendants' position, it is not claimed that the verdict is regular or proper, but that plaintiff having failed to complain by filing a motion in arrest, it cannot now be noticed on appeal. The rule that all matters constituting the record proper may be examined by an appellate court notwithstanding there is no bill of exceptions including a motion in arrest, has been so far modified as to require a motion in arrest for all immaterial errors not of a serious or fatal character. But unless the errors complained of are formal, minor or immaterial, they will be examined on appeal, though there is neither a motion

nor bill of exceptions. [Sweet v. Maupin, 65 Mo. 65; McIntire v. McIntire, 80 Mo. 470, 473; State ex rel. v. Scott, 104 Mo. 26, 31; Land Co. v. Bretz, 125 Mo. 418, 423; State ex rel. v. Carroll, 101 Mo. App. 110; Nichols v. Lead & Zinc Co., 85 Mo. App. 584; Bank v. McMullen, 85 Mo. App. 142.]

It follows that if the errors in the verdict and judgment in controversy are of a material or fatal character, plaintiff is entitled to a reversal notwithstanding there was no motion or bill of exceptions. It is said in Roden v. Helm, 192 Mo. 71, 93, a case without a bill of exceptions: "That judgments and decrees must be responsive to the pleadings in this State is no longer an open question." In Schneider v. Patton, 175 Mo. 684, 723, it is said that: "No principle is better settled than that, unless a judgment is responsive to the issues presented in the pleadings it is erroneous." And in State v. Modlin, 197 Mo. 376, 379, that in considering the sufficiency of a verdict, "it must be borne in mind that it is well-settled law in Missouri that if the verdict, which is a part of the record, is not responsive to the issue, or is uncertain or indefinite, it is open for review on appeal or writ of error as a part of the record proper." In State v. Rowe, 142 Mo. 439, 442, it is held that the verdict must be so responsive to the issues as to afford the party protection against the same claim in another action. It is said in 1 Graham & Waterman on New Trials, 140, that: "If the jury find only part of the issue, judgment cannot be entered on the verdict. It is void for the whole, and a *venire de novo* will be awarded." The authors then add a quotation from Lord COKE, that: "A verdict that finds part of the issue, and finding nothing for the residue, this is insufficient for the whole, because they have not tried the whole issue wherewith they are charged. As if an information of intrusion be brought against one, for intruding into a messuage and one hundred acres of land, upon the

general issue, the jury find against the defendant for the land, but say nothing for the house, this is insufficient for the whole, and so was it twice adjudged.'' [Allison v. Darton, 24 Mo. 343; Pratt v. Rogers, 5 Mo. 51; Jones v. Snedecor, 3 Mo. 390; 3 Graham & Waterman on New Trials, 1384, 1390; 2 Thompson on Trials, Sec. 639; Patterson v. United States, 2 Wheat. 221; Lyon, Cobb & Co. v. Stewart & Campbell, 5 J. J. Marsh. 676.]

In view of these authorities it seems to be clear that the verdict under consideration is materially improper and insufficient. It leaves the case near as much undetermined as before the trial. It, and the judgment following, do not make it known whether the horses and engine, or either if them, which were taken from defendants and delivered to plaintiff by the sheriff, are to be considered the property of plaintiff or defendants. It is not known whether the notes remaining in plaintiff's hands are to be considered as settled, or whether they are still due. The verdict is as though it were given in an action of assumpsit, or for general damages without any complications with other matters. So far as the record before us is concerned, may there not be future litigation over the title to the property? The verdict merely reads that the amount due defendants is $735. Is that found as a general adjustment if all the issues, leaving the property as belonging to plaintiff, or is it for the damages, alone, claimed by defendants, or is it for part recovery back of $858 payments made on the notes?

We have been cited by defendants to several cases in which a reversal of judgments was refused because the verdict was not materially wrong and there was no motion in arrest, but none if them approach to the seriousness of this.

The judgment should be reversed and the cause remanded. All concur.