W. A. DISBROW, Appellant, v. PEOPLES ICE, STORAGE & FUEL CO., Respondent.

**Kansas City Court of Appeals, May 19, 1913.**

1. **DAMAGES: Cold Storage: Counterclaim: Instructions.** In an action for damages for negligent storing of butter in cold storage so that its market value was injured, where the defendant denies the negligence and damage and pleads a counterclaim for the storage and the plaintiff admitted the account for storage was correct; it was *held* to be error, notwithstanding this admission, to peremptorily instruct the jury to find a verdict for defendant for the amount of his claim for storage without regard to the finding on plaintiff's claim. It was also *held* to be error to instruct the jury to find a verdict for plaintiff for the full amount of damage done to the butter, without regard to the storage account.

2. **———: Counterclaim: Issues: Verdict.** In an action for damages for negligent storing of butter, where there is a counterclaim for the storage account, the verdict should show a determination of both the issue of negligence and the counterclaim. If the finding is for defendant on the issue of negligence, then the verdict should be for defendant for the storage. If the finding is for plaintiff for more than the storage account, the difference would be the verdict for plaintiff; and if the finding is for plaintiff for less than the storage account, the difference would be the verdict for the defendant.

3. **EVIDENCE: Witness: Opinion: Negligence.** It is error to permit a witness to state that he did not observe that a cold storage company had been guilty of negligence in storing plaintiff's butter. The effect being to have the witness, instead of the jury, to decide the case.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Stover*, Judge.

REVERSED AND REMANDED.

*New, Kennish & Krauthoff*, and *John Taylor* for appellant.

*Warner, Dean, McLeod & Timmonds* for respondent.

ELLISON, P. J.—Defendant is proprietor of a cold storage plant and stores products for preservation. Plaintiff was the owner of a large lot of butter, which he delivered to defendant for storage. He alleges that on receiving the butter back from defendant it had a foreign or "fruity" taste and odor, and was greatly injured, to his damage in the sum of $3371.29. He further alleged that this was caused by defendant's negligence in allowing it to come into close contact with foreign substances, such as fruits. Defendant's answer was a general denial and a counterclaim of $510.04, and interest, for storing the butter. There were two separate verdicts in the trial court, one for defendant on plaintiff's claim and the other for defendant on its counterclaim. This is the second appeal; the first will be found in 138 Mo. App. 56.

The trial court gave a peremptory instruction to find for defendant on its counterclaim in the sum of $510.04, and that interest might be added, and this is one of the grounds for the appeal. The instruction is said to be proper for the reason that plaintiff, while on the witness stand, admitted he had not paid the storage, that an account for the amount claimed had been rendered to him and that it was correct. It is contended that this destroyed the issue made by the pleadings and left nothing for the court to do but direct a verdict for the amount admitted to be due. But it is evident from the whole record that plaintiff did not mean to admit that he owed defendant $510.04 for storage even though defendant had destroyed the value of his butter by negligence in caring for it. It is evident plaintiff was admitting the storage account to be correct, but not that it was entitled to a verdict for that amount.

Plaintiff's action is for the recovery of damages for negligent storing of the butter, which damages he claims is the difference in the market value in its damaged condition at redelivery and its market value if it. had not been damaged. But out of this should be deducted defendant's account for storage. If plaintiff's damage is more than the admitted bill for storage, then the verdict should be for plaintiff for the difference. If, however, plaintiff's damage is less than the admitted storage account, then the verdict should be for defendant for the difference. The verdict should show a finding on both the damages stated in the petition and the counterclaim set up in the answer (Winkleman v. Maddox, 119 Mo. App. 658); being thus responsive to all the issues submitted. [Advance Thresher Co. v. Speak, 167 Mo. App. 470.] If the finding is for defendant on plaintiff's claim or petition, the, verdict should so state and then state a finding for the defendant on the counterclaim for $510.04, and if interest is allowed, that should be added. If the finding is for plaintiff for damages, the verdict should so state and name the amount, adding a finding on defendant's counterclaim as just stated. If the finding for plaintiff is in an amount in excess of defendant's counterclaim, it would be proper to state the difference as the verdict for plaintiff. If the finding for plaintiff is less than the counterclaim, then the difference in defendant's favor could be stated as the verdict for defendant. And so the instructions should be formulated.

These observations show that it was quite harmful error for the court to peremptorily instruct the jury to find for defendant the amount of its counterclaim. Such instruction could well lead the jury to believe that a finding must be made for defendant regardless of plaintiff's claim. The effect of it was to tell the jury that defendant had properly performed its storage service. In view of plaintiff's claim his admission·

that the storage account was correct, did not justify an instruction requiring a verdict for that amount. Whether it should have a verdict for that amount depended upon what was done with plaintiff's claim. Instead of a peremptory instruction to find for defendant it might have been stated, in a proper connection, that the amount of the storage account was admitted to be correct.

We are not stating that it would be reversible error for a jury to adopt the form of two separate verdicts, as was done in this case, one as to plaintiff's claim and the other as to defendant's, leaving it to the court in the judgment to adjust the net balance for either party. That question has not been considered.

From the foregoing it appears that each party has presented instructions which ignore the other, in a case in which the claim of each is so connected that each must be considered in determining what is due the other.

There are three objections concerning the evidence. A witness was asked: "Q. State from your experience and from your observation of the care exercised by the Peoples Ice, Storage & Fuel Company at the plant down here, in the summer of 1905, whether they exercised reasonable care in their management of that business. A. Well sir, from my observation the stuff was always handled there to the best of their ability."

It is true that this answer is not entirely responsive to the question, but we do not regard it as harmless. The question was improper.

Again, a witness was asked: "Q. State to the jury whether or not during the summer of 1905, while you were there looking after the butter, you observed or discovered any carelessness or negligence on the part of this defendant company in the handling of their butter or any of their other products. A. No."

This was also improper. It put the witness in place of the juror. It is suggested that opinions of witnesses are sometimes proper, and that is true. The authorities cited by defendant are to that effect. [Merritt v. Kinloch Tel. Co., 215 Mo. l. c. 308; White v. Metropolitan St. Ry., 132 Mo. App. l. c. 349; Fulton v. Metropolitan St. Ry., 125 Mo. App. 239.] But those cases presented a necessity for an opinion, which did not exist here. Those cases did not present an instance, as we think these questions do, where a witness is asked to decide the case. Negligence and carelessness on defendant's part is plaintiff's complaint, and whether it is guilty should be left for the jury to determine from facts stated by witnesses. [King v. Mo. Pac. Ry. Co., 98 Mo. 235; Eubank v. City of Edina, 88 Mo. 650; Hamilton v. Rich Hill Coal Min. Co., 108 Mo. 364.]

"Whatever liberality may be allowed in calling for the opinions of experts or other witnesses, they must not usurp the province of the court and jury by drawing those conclusions of law or fact upon which the decision of the case depends. Hence it would be improper to inquire whether, in view of the testimony given, a party had acted negligently or prudently, or with ordinary care, or whether certain acts constituted negligence." [2 Jones on Evidence, p. 830; Teepen v. Taylor, 141 Mo. App. 282, 287.]

It is next objected that the court admitted hearsay testimony of the statement of an expert who examined two tubs of butter belonging to a packing company. It is said that no proper objection was made to it, and that no harm was done. We think testimony as to what this expert was heard to say should not be allowed on a retrial.

The judgment is reversed and the cause remanded. All concur.