HENRIETTA C. COSGROVE, Appellant, v. HENRY
F. STANGE and MISSOURI FIDELITY AND
CASUALTY COMPANY, Respondents.

**Springfield Court of Appeals, May 22, 1916.**

1. **TRIALS: Verdict: Double Finding.** Action on contract, defendant filing an answer containing a counterclaim. The court properly refused to accept a verdict containing two separate findings for defendant, sending the jury back for further consideration.

2. ———: ———: **Finding: Sufficiency.** Action on contract, defendant filing an answer containing a counterclaim. A verdict for defendant on such counterclaim was sufficient without a finding against the plaintiff, the counterclaim having arisen out of the contract set out in the petition, under sec. 1807, subd. I, R. S. 1909, a finding for defendant necessarily including a finding against plaintiff.

3. ———: ———: ———: ———. Action on contract, defendant filing an answer containing a counterclaim independent and separate from the contract, as permitted under R. S. 1909, sec. 1807, subd. 2. The jury must find specially on each cause of action.

4. ———: ———: **Harmless Omission of Name.** Action on contract, verdict in favor of one of the defendants. It was immaterial and harmless that the verdict omitted the name of the other defendant, which was merely a surety.

Appeal from Jasper County Circuit Court.—*Hon. F. L.
Forlow,* Special Judge.

AFFIRMED.

*A. L. Thomas* and *H. W. Blair* for appellant.

*Owen & Davis* and *R. M. Sheppard* for respondents.

FARRINGTON, J.—Plaintiff (appellant) being the owner of a lot in the business section of the city of Joplin, Mo., on June 9, 1913, let a contract to defendant Stange for the erection of an office building on said lot, the defendant Missouri Fidelity and Casualty Company executing defendant Stange's contractor's bond as surety.

On May 6, 1914, the plaintiff filed her petition in the circuit court of Jasper county against Stange and his surety on the bond asking damages for failure of defendant Stange to construct the building according to contract, the items of damage being as follows: $2500 account defective cement floors, $75 account defective wooden floor, $200 account paint, $250 account plaster, $533.14 account materialmen's liens which had been filed against plaintiff, $900 account delay in completion and delivery of building to plaintiff, and other items, the aggregate amount asked in plaintiff's petition being $7743.

The defendants each filed answer, defendant Stange's answer containing a counterclaim in the sum of $698.69; to each of which answers the plaintiff filed a reply.

The case was tried to a jury and the issues as to each of the several items above enumerated and set forth in the plaintiff's petition were submitted to the jury as against both defendants, as shown by the numerous instructions set forth in the appellant's abstract. The jury on February 25, 1915, returned into court two verdicts in favor of the defendants, one for $500 and the other for $160, as follows:

"We the jury find the issues for the defendants, and assess the damages at the sum of $160. C. W. Power, Foreman."

We the jury find the issues in favor of the defendants and against the plaintiff on defendant's counterclaim and assess his damages in the sum of $500. C. W. Power, Foreman." ·

The court properly refused to accept these verdicts, and, over the objection and exception of the plaintiff, sent the jury to its room for further consideration. [See Ver Steeg v. Becker-Moore Paint Co., 106 Mo. App. l. c. 286, 287, 80 S. W. 346; Kreibohm v. Yancey, 154 Mo. l. c. 82, 83, 55 S. W. 260.] The jury later returned into court the following verdict:

"We the jury find the issues in favor of the defendant on defendant's counterclaim and assess the damages at the sum of $660. C. W. Power, Foreman."

The plaintiff in due time filed her motions for new trial and in arrest of judgment, and afterwards the defendant Stange entered a remittitur of $160; and a judgment for $500 was entered in his favor. Plaintiff's motions were overruled and the case is here on her appeal, plaintiff's position being that the jury made no finding as to the plaintiff's cause of action nor as to all of the parties to the suit, and that plaintiff's motion in arrest of judgment should have been sustained by the trial court as the verdict is insufficient to support any judgment.

There is but one assignment of error—as follows: "The trial court erred in overruling the plaintiff's motion in arrest of judgment in this case."

So far as the record before us stands we will assume that there was evidence introduced by the plaintiff to sustain the allegations of her petition and that there was evidence introduced by the defendants that would sustain a verdict in their favor; also that there was evidence introduced by the defendant Stange that would sustain a verdict for him on his counterclaim and that there was evidence introduced by the plaintiff which would sustain a verdict in her favor on said counterclaim.

No error is charged in the giving and refusal of instructions. In this respect we have noted that the plaintiff asked instructions based solely on her theory of her cause of action stated in the petition, and that the defendants asked instructions based solely on a defense to plaintiff's cause of action; in none of the instrutions of either side was any mention made of the counterclaim, nor was there any instruction advising the jury as to the form of verdict they would render on their findings as to the two causes of action.

It is contended here that because the last verdict returned by the jury on which the judgment is based failed to include a finding for or against plaintiff on her cause of action contained in the petition, the judgment is erroneous and that under the authorities the error is reversible.

We do not agree with the plaintiff (appellant) in this contention, but hold that where it is apparent from the verdict and record presented in a given cause that the jury considered and passed on the issues raised on each cause of action stated by the pleadings, it is not reversible error for the jury to fail to make a specific finding on each cause of action. That this is the rule, laid down in the following cases, is beyond question: Nowell v. Mode, 132 Mo. App. l. c. 243, 111 S. W. 641; Plymouth Cordage Co. v. Yeargain, 87 Mo. App. 561; Sickles Saddlery Co. v. Bullock, 86 Mo. App. 89; Hackworth v. Zeitinger, 48 Mo. App. 32; Taylor v. Short, 38 Mo. App. 21; Lindsey v. Nagel, 157 Mo. App. l. c. 140, 137 S. W. 912.

It is held in the case last cited, reviewing a number of decisions, that under section 1993, Revised Statutes 1909, it is not necessary for the jury to make a specific finding on the counterclaim; and in that opinion the court approves the holding in Plymouth Cordage Co v. Yeargain, supra, wherein a judgment was rendered on defendant's counterclaim in his favor almost identical in form with the one rendered in our case.

Without analyzing the facts, in some of the cases cited by the appellant there is an apparent conflict of decision on this question.

In Winkelman v. Maddox, 119 Mo. App. l. c. 661, 95 S. W. 308, the St. Louis Court of Appeals held that a verdict which left out of account the defendant's counterclaim failed to respond to the pleadings and that a judgment rendered thereon must be reversed. In that case it will be noted that the plaintiff recovered and it was the defendant who was objecting because the jury did not determine the issue presented by him in his counterclaim. And there is no difference, in principle, whether the jury fails to mention the plaintiff's cause of action where they find on defendant's counterclaim, or whether it fails to find on the counterclaim and find on plaintiff's cause of action, because each party as to the cause of action presented by him stands in precisely the same position. However, it is not apparent in that

194 M. A.—2

case what the counterclaim grew out of—that is, whether it is one that is permitted to be filed under the second subdivision of section 1807, Revised Statutes 1909, or one that is permitted to be filed under the first subdivision of that section, and if under the first subdivision, whether it was for damage growing directly out of the contract or subject-matter presented in plaintiff's petition or for damage that is consequential or incidental to such cause of action.

In the case of Advance Thresher Co. v. Speak, 167 Mo. App. 470, 151 S. W. 235, the counterclaim set up sought consequential damages and not such as would naturally and necessarily arise out of plaintiff's pleaded contract or subject-matter.

In the case of Henderson v. Davis, 74 Mo. App. 1, cited by appellant, it is not clear under which subdivision of the statute the counterclaims would fall, but the inference from reading the opinion is that they were not causes of action based upon the same contract or subject-matter alleged in plaintiff's petition.

In the case of Disbrow v. People's Ice, Storage & Fuel Co., 170 Mo. App. 585, 157 S. W. 116, what is said by the court is to be taken in connection with the instruction that was given, the court holding that a peremptory instruction given under the facts of that case would tend to preclude the jury from considering plaintiff's cause of action.

In the case of Marshall v. Armstrong, 105 Mo. App. 234, 79 S. W. 1161, the judgment was reversed on an entirely different question than the one involved here. It is not shown what relation the counterclaim bore to the plaintiff's cause of action. It has been held in a number of cases that technical accuracy requires a finding on both causes of action, and this is all that the court held in that case.

On reverting to the respondents' authorities, we find that in Nowell v. Mode, 132 Mo. App. l. c. 243, 111 S. W. 641, the counterclaim grew out of the same contract on which the suit was brought by the plaintiff; and so it was in Plymouth Cordage Co. v. Yeargain, 87 Mo. App. 561; Hackworth v. Zeitinger, 48 Mo. App.

32; Pope v. Ramsey & Ramsey, 78 Mo. App. 157; and Lindsey v. Nagel, 157 Mo. App. 128, 137 S. W. 912.

From the foregoing authorities it will be seen that where a case falls within the rule we first announced— that is, the finding of the jury for either the plaintiff or the defendant without mention of the petition or counterclaim as the case may be, necessarily shows a determination of the cause of action which the jury did not mention—then in that case it is not reversible error nor more than technical error to fail to make such finding; but on the other hand, where it appears that the plaintiff's cause of action and the defendant's cause of action are independent and separate, or that the damages claimed by the defendant in his counterclaim do not naturally and necessarily follow from the breach he is claiming where his counterclaim does not partake of the same contract or subject-matter pleaded in plaintiff's petition, then in that case the verdict of the jury must contain a special finding in order to respond to the pleadings.

Take, for example, the case of Plymouth Cordage Co. v. Yeargain, supra, the plaintiff's cause of action and the defendant's cause of action each grew out of the same contract, and to find *for* one by necessary implication includes a finding *against* the other. On the other hand, where the counterclaim set up grows out of an entirely different transaction, or, as in the case of Advance Thresher Co. v. Speak, 167 Mo. App. 470, 151 S. W. 235, where the defendant's counterclaim while it grew out of the same subject-matter as the cause of action stated in the petition it is not a damage which he claims naturally and necessarily must follow but is what is designated consequential damage. Under these cases it can be readily seen that that the jury in finding for one does not necessarily show a consideration and finding as to the other.

It may be laid down as a general rule, but we do not say universal rule, that where the counterclaim is such as is permitted to be filed under the first subdivision of section 1807, Revised Statutes 1909, a verdict and finding for one necessarily includes a verdict and

finding against the other, with the exception noted in the case of Advance Thresher Co. v. Speak, supra, where the damages sought are consequential; and where the counterclaim is such as is permitted to be filed under the second subdivision of section 1807, Revised Statutes 1909, it is generally necessary that there be two findings included in the verdict.

With this distinction in mind, when we view the case under consideration we find that the defendant's counterclaim was filed asking a balance due for material furnished on the same contract and work that plaintiff based her cause of action upon; and we must therefore hold, under the rule announced, that a finding for the defendant Stange, on his counterclaim necessarily included a finding against the plaintiff on her cause of action. With a finding and judgment in favor of the defendant Stange, to which the plaintiff is bound, this necessarily precludes any cause of action or right that she would have against the Missouri Fidelity and Casualty Company, the other defendant which was merely a surety to stand good for Stange, and the omission of its name in the verdict is immaterial and nonprejudicial.

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.