RICHARD LIEPMAN, Respondent, v. JACOB ROTHS-CHILD, Appellant.

In the Springfield Court of Appeals, May 12, 1924.

1. **FRAUDS, STATUTE OF:** German Marks Bought During War Considered Commodity, not Money. Oral sale of marks during war with Germany was a transaction in which the parties dealt with the marks as a commodity, and not as money, and fell within the Statute of Frauds, necessitating delivery and acceptance, or writing.

2. ———: **Delivery.** Plaintiff's evidence *held* not to show that he delivered German marks which defendant orally agreed to buy.

3. **JUDGMENT:** Counterclaim: Judgment Based on Jury's Verdict Finding for Plaintiff on His Counts but not Finding on Defendant's Counterclaim Held Erroneous. In action on two counts for breach of contract to pay for marks sold to defendant who interposed a counterclaim based on plaintiff's breach of contract, to sell defendant's marks at a proper time, judgment based on jury's verdict finding for plaintiff on both counts without making a finding on defendant's counterclaim as required by Revised Statutes 1919, sec. 1233, *held* erroneous, requiring reversal.

Appeal from Circuit Court of Greene County.—*Hon. Orin Patterson,* Judge.

REVERSED AND REMANDED *(with directions).*

*Barbour & McDavid* and *E. A. Barbour, Jr.,* for appellant.

(1)  Defendant pleaded a counterclaim, the court instructed thereon, but the jury failed to return a verdict thereon. This failure renders the judgment void and defendant's motion in arrest of judgment should have been sustained by the trial court. Winkelman v. Maddox, 119 Mo. App. 658; Gawk v. Millovich, 203 S. W. 1006; Diamond v. McVey, 239 S. W. 562; Miller v. O'Connell, 235 S. W. 137; Hughey v. Eyssell, 167 Mo. App. 563. Defendant's counterclaim arises under the second sub-division of section 1233, R. S. 1919. Sec. 1233, R. S. 1919, second; School Directors v. Bank, 84 Mo. 56; Jackson v. Dolan, 157 Mo. App. 32; Crane v. Murray, 106 Mo. App. 697.  (2)  The court erred in not sustaining defendant's demurrer to the evidence on the second count of plaintiff's petition, which second count involves a one-half interest in the $1060 of marks conceded to have been purchased by the plaintiff.  (a)  The marks in question were dealt in as a commodity and were treated as an object of barter and sale, and the alleged sale is within the Statute of Fraud. 27 Corpus Juris, 238, sec. 263; Fowler v. Bank, 67 N. Y. 230; Reisfreed v. Jacobs, 176 N. Y. Supp. 223.  (b)  It is conceded that there was no agreement in writing for the sale and purchase of a half interest in the $1060 of marks sued for in the second count of plaintiff's petition and no written memorandum, and nothing paid thereon.  (c)  There was no acceptance by the defendant and no legal delivery of possession of any of said marks to him. Under the statute there must be both delivery to and acceptance by vendee. He must have unequivocal control. Ficklin v. Tinder, 161 Mo. App. 283; Parmer v. Elsberry, 79 Mo. App. 570; Shelton v. Bennett, 96 Mo. App. 102; Ruediger v. Dennis, 199 Mo. App. 102.

*Haymes & Dickey* for respondent.

(1)   The verdict is responsive to all the issues and disposes of them all, including defendant's counterclaim. Pope v. Ramsey, 78 Mo. App. 157, 162; Taylor v. Short, 38 Mo. App. 21; Graves v. Railroad, 133 Mo. App. 91. (2)   Verdicts must be construed liberally, not strictly, and are to be avoided only from necessity.  38 Cyc. 1901; 27 R. C. L., page 858 (sec. 30); Rembaugh v. Phipps, 75 Mo. 422.   (3)   Defendant's counterclaim arises under the first sub-division of the counterclaim section (sec. 1233, R. S. 1919); it arises out of the same transaction as set forth in plaintiff's cause of action; it is connected with the same subject of action; therefore no separate finding on the counterclaim was required.   Ritchie v. Haywood, 71 Mo. 562; Barnard v. Weaver, 224 S. W. 152; Nelson v. Troll, Admr., 173 Mo. App. 51; Cosgrove v. Stange et al., 194 Mo. App. 14, and cases cited; Norvell v. Mode, 132 Mo. App. 232.   (4)   The marks involved in the second count of plaintiff's petition cannot be held to be goods, wares and merchandise, as they were not dealt in as a commodity, but as money.   35 Cyc. 44; Cooke v. Davis, 53 N. Y. 318; Peabody v. Speyers, 56 N. Y. 230; Boston Inv. Co. v. Boston, 158 Mass. 461, 33 N. E. 580; Vincent v. Vieths, 60 Mo. App. 9.   (5)   Courts will not reverse a case or disturb a verdict and judgment on a matter of instructions, unless they misled the jury against the complaining party and affect the merits of the case.   Sec. 1513, R. S. 1919; Harrison v. White, 56 Mo. App. 175; Price v. Railroad, 185 Mo. App. 432.

FARRINGTON, J.—The plaintiff recovered a judgment in the trial court against the defendant in the sum of $2338.68, which was the result of a trial by a jury, from which judgment the defendant appeals alleging a number of errors in the trial.

The cause of action grew out of the purchase of German marks by the parties to this law suit.   The peti-

tion filed by the plaintiff contained two counts; the first count alleges that plaintiff and defendant purchased $3500 worth of German marks and defendant was to own $1500 worth of them and plaintiff $2000 worth, and that the understanding between them was that the plaintiff would pay the full $3500 and defendant agreed to reimburse him to the amount of $1500, being the amount of marks coming to him. The second count is for $530, it being alleged by the plaintiff that he sold to the defendant a one-half interest in a purchase of $1060 worth of German marks, which amount the defendant wholly failed to pay.

The answer of defendant is, first, a general denial; second, a plea of the Statute of Frauds as to the second count; and third, a counterclaim asking for $2017.80 damages, wherein it is alleged that the defendant owned marks to that value which were turned over to the plaintiff with the agreement that he, plaintiff would deposit them in defendant's name in a bank in Berlin and would either deliver the marks to him on request, or would sell them at the request of the defendant, and that the plaintiff refused to either deliver or sell said marks, and as a result, the marks having depreciated in value, caused a loss to the defendant. The counterclaim undoubtedly was treated by the defendant as a breach of contract and sought recovery for such indebtedness.

A great deal of the abstract is taken up with the first count of plaintiff's petition which went to the recovery of $1500. The evidence is contradictory but it is admitted in oral argument by the appellant that there was sufficient evidence to sustain the finding of the jury on that count, hence there is no question here concerning the verdict of the jury on the first count.

On the second count the appellant contends that there was no evidence of any delivery by the plaintiff to the defendant of the marks sued for in plaintiff's second count either to the defendant or any one for him, and we are inclined to believe that the appellant is correct in this contention.

The evidence, to which both parties agree, as to this count is that the plaintiff purchased $1060 worth of marks in the name of his brother, who lived in Germany, and that the defendant requested that he be permitted to share in one-half of that purchase. The plaintiff's testimony clearly shows that he did agree orally to let the plaintiff have a half interest in this purchase of $1060 worth of German marks, but the evidence shows that he at no time delivered or offered to the plaintiff the marks or any evidence thereof, nor did he ever deposit them with any bank or any person in Germany for the defendant. These particular marks were deposited in the Deutsche National Bank at Gerstemunde in the name of Mr. Richard Liepman. They were not deposited by the plaintiff in the name of Liepman and the defendant, but as far as the evidence in this case goes this purchase of marks was always kept under the absolute control of the plaintiff, and although the plaintiff, when he went on a trip to Germany, had the bank in which this purchase of $1060 worth of marks was deposited, send the defendant a draft for all other marks which the defendant had delivered to the plaintiff to be deposited there, he, the plaintiff, admits that no part of this purchase of $1060 worth of marks was included in the draft, and offers as an explanation that he thought they could settle that up later. The plaintiff's evidence clearly shows that he at no time turned over the unconditional control of the $530 worth of marks to the defendant, or to any agent for the defendant.

Whether these marks were purchased according to plaintiff's version, for the purpose of having spending money on a contemplated trip to Europe, or whether, according to defendant's theory, they were purchased merely for speculation, is not regarded by us of consequence. This country was at that time in a state of war with Germany, and German marks could in no sense be regarded by either party as money. The transaction was clearly one in which the parties to this suit were dealing in marks as a commodity and falls

within the Statute of Frauds, requiring a delivery and acceptance, or writing to make the transaction binding. [See Equitable Trust Co. v. Keene, 183 N. Y. Supp. 699; Equitable Trust Co. v. Keene, 186 N. Y. Supp. 468; Reisfreed v. Jacobs, 176 N. Y. Supp. 223; Peabody v. Speyers, 56 N. Y. 230.]

In view of our holding that the transaction alleged to have been made in plaintiff's second count is one which falls within the Statute of Frauds, we must hold that plaintiff failed in his evidence to make out a case, and the court erred in submitting any issue under plaintiff's second count to the jury. The verdict rendered by the jury in this case is as follows: "We, the jury, find the issues for the plaintiff and find that the defendant is indebted to the plaintiff on the first count in the sum of $1500 principal and $270 interest, making a total sum of $1770." "And we, the jury, find the issues for the plaintiff on the second count and that the defendant is indebted to the plaintiff in the sum of $530 principal and $38.68 interest, making a total sum on the second count of $568.68."

The appellant contends that the judgment is erroneous in that the jury failed to make a finding on defendant's counterclaim, consequently failed to dispose of the counterclaim in the judgment rendered. We are of the opinion that appellant is correct in his contention, nor do we think that this error was harmless on the ground as contended by respondent, that the finding for the plaintiff necessarily found against the defendant on his counterclaim, as has been held to be the law in cases such as Cosgrove v. Stange, 194 Mo. App. 14, 183 S. W. 691; and other cases cited in respondent's brief. The counterclaim in this suit clearly alleges a breach of a contract claimed to have been entered into between the plaintiff and defendant, and which was with reference to $2017 worth of marks purchased at different times from the marks mentioned in the first count of plaintiff's petition, all of which were admittedly owned by the de-

fendant and admittedly received by the plaintiff. If the defendant's testimony is to be taken as true then he was damaged by the action of the plaintiff in refusing to turn over to him or sell his marks at a time when they could have been sold at a profit, or at much less loss. That was a question of fact for the jury to determine on the defendant's counterclaim and a settlement of an issue to which the defendant was entitled under the law.

We must, therefore, hold that the judgment is erroneous in that it fails to make a finding on the counterclaim, which we hold was one to be entered in this case under the second sub-division of section 1233, Revised Statutes of 1919. [Winkleman v. Maddox, 119 Mo. App. 658, 95 S. W. 308; Gawk v. Millovich, 213 S. W. 1006; Diamond v. McVey, 239 S. W. 562; Miller v. O'Connell, 235 S. W. 137; Mercantile Co. v. Hirsh, 253 S. W. 163; Hughey v. Eyssell, 167 Mo. App. 563, 152 S. W. 434.] It results that the judgment of the trial court is reversed and the cause remanded to the trial court with directions to withhold the verdict of the jury as returned on the first count of plaintiff's petition until there can be another trial and a verdict rendered on the defendant's counterclaim, after which judgment can be entered according to the verdicts returned. *Cox, P. J.,* and *Bradley, J.,* concur.