# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

## FIRST JUDICIAL DISTRICT,

### AUGUST TERM 1839.

---

### Garret, vs The State.

#### Appeal from the Morgan circuit court.

1. When a witness is asked on his cross examination, whether, on a former occasion, he has not made certain statements, and answers, that he does not recollect having made such statements, his credit may be impeached by evidence that he did in fact make the statement.

2. An accomplice may be a witness for others joined in the same indictment with himself, provided, he be not put upon his trial along with the others: so if he has pleaded guilty, or been separately convicted, provided judgment has not been pronounced upon him for an offence which disqualifies him as a witness.

3. A witness cannot be permitted to state positively, that a party is not guilty of the offence charged against him. The witness must state facts which are known to him, and from these facts, the jury, under the direction of the court, are to find whether the accused is, or is not guilty.

Opinion of the court delivered by Tompkins Judge*

This was a joint indictment against said Garret, Ellison Williams, Young E. Miller, James Williams, and Presly Bryant, for a felonious assault committed on Richard Johnson and Polly Johnson his wife. Garrett was found guilty in the circuit court, and to reverse the judgment of that court he appeals to this court. On the trial of the cause the State

---

*Note.—Judge Napton having been of counsel in the circuit court did not sit in this cause.

AUGUST TERM
1839.

Garrett,
v.
The State.

introduced as a witness Polly Johnson one of the persons mentioned in the indictment. She testified that on the night of 28th January 1838, in the county of Morgan after she and her husband had gone to bed, and he was asleep, two men came to their house and went to the fire and stirred it up so as to make a light; they then came to the bed, Garrett. the defendant and appellant, to the foot, and Ellison Williams to the side near the head; that Garrett had a club; she waked her husband, he rose in the bed, and as he rose Garrett beat him down with the club, and then he and Williams dragged him out of the house some distance, and together with Young E. Miller and the other defendants in the indictment, beat, bruised, wounded, and very much abused the said Richard Johnson. Upon the cross examination of the witness, the defendants counsel asked her whether she recognized Garrett, before he came from the fire to the foot of the bed. She answered that she did not, but that when he got to the foot of the bed she discovered that his face was blacked: that she did not on that night observe either the color of his eyes or hair, but that she recognized him from the features of his face and general appearance; that she had never seen him but on three different occasions before that night, and that he was riding or walking by the place where she was standing, that she had never any conversation with him, nor been immediately in his company. The defendants counsel then asked her whether she had not on oath stated, before the committing magistrate before whom the defendant had been brought on the said charge, that she recognized and knew Garrett before he came to the bed, and while he stood on the hearth near the fire, and that his eyes and hair were black: she answered that she did not recollect whether she testified before the justice or not. Garrett then asked her, whether she had not on a former occasion, to wit: the trial of Young E. Miller, testified that the eyes and hair of the defendant were black, and that she knew him by the color of his eyes and hair; the witness answered that she did not recollect whether or not she had so testified. The prisoner then asked the witness whether she had not on several occasions when not on oath declared that Garrett was

the person who came into the house and struck her husband
because she distinctly saw him while standing on the hearth,
and observed the color of his eyes and hair to be black.  To
this the witness answered that she did not recollect whether or
not she had so stated.   The defendant then offered to prove
by the justice of the peace, and by other witnesses that the
witness had on several occasions stated that the hair and
eyes of the prisoner Garret were black, and that it was by
the color of his eyes and hair that she recognized him to be
the person who struck her husband. . The defendant offered
also to prove his eyes and hair to be light. . The court re-
jected the evidence and the defendant excepted.  The de-
fendant being on his separate trial offered to introduce
Young E. Miller, one of the persons indicted as above men-
tioned, but who was not then on trial, as a witness; the
court refused to admit him and the defendant excepted.
The defendant then offered to produce the transcript of the
proceedings of the justices of the peace, who took the ex-
amination of Garret and the other prisoners previously to
their commitment on the charge for which they were in-
dicted, to prove that such an examination was had, and of-
fered to prove that on the examination before such justices
one Lebo was sworn as a witness on part of the defendants,
and that he testified that said Garrett was not guilty of the
charge, and that said Lebo, since that time and before the
trial of said Garrett, had died; this evidence the court also
rejected and the defendant, now plaintiff in error, excepted.

The plaintiff in error also moved for a new trial and ex-
cepted to the opinion of the court overruling the motion, these
several decisions of the circuit court are assigned for error,
and the counsel of the defendant makes the following points:

1st. That the court erred in rejecting the evidence of-
fered to prove what Polly Johnson had sworn and said in
regard to the description of the appellant.

2nd. That the court erred in rejecting Young E. Miller
as a witness.

3rd. That the court erred in rejecting the evidence of
what Lebo had sworn on the examination before the jus-
tices.

AUGUST TERM
1839.

Garrett,
v,
The State,,

1st.. In third Starkie, p. 1753, it is said "the credit of a witness may be impeached by cross examination subject to rules already mentioned, or by general evidence affecting his credit, or by evidence that he has done or said that which is inconsistent with his evidence on the trial, or lastly by contrary evidence as to the facts themselves."

"But whenever the credit of a witness is to be impeached by proof of any thing that he has said or declared or done in relation to the cause, he is first to be asked upon cross examination whether he has said or declared or done, that which is intended to be proved. If the witness admits the words, declaration or act, proof on the other side becomes unnecessary, and an opportunity is afforded to the witness of giving such reasons, explanations, or exculpations, of his conduct, if any there be, as the circumstances may furnish; and thus the whole matter is brought before the court at once, which is the most convenient course."

Having always understood this to be the law of the case, I am of opinion that the circuit court committed error in rejecting the evidence to prove the declarations of Polly Johnson the witness..

*When a witness is asked on his cross-examination, whether, on a former occasion, he has, not made certain statements, and answers, that he does not recollect having made such statements; his credit may be impeached by evidence that he did in fact make the statements.*

2nd. An accomplice (2nd Starkie 22) as it seems is a competent witness and may be examined, if he be willing, although he is indicted along with others, provided he be not put upon trial along with the others; for an indictment as to several is several as to each; so if he has pleaded guilty, or been separately convicted, provided judgment has not been pronounced upon him for an offence which disqualifies him. The circuit court, in my opinion, committed error then in not permitting the defendant to examine Miller as a witness.

*An accomplice may be a witness for others jo ned in the same indictment with himself, provided he be not put upon his trial along with the others: so if he has pleaded guilty, or been separate-ly convicted, provided*

3rd. The third point is that the court erred in rejecting the evidence of Lebo's testimony given before the examining court. Lebo, it is stated in the bill of exceptions swore that the appellant Garrett was not guilty of the charge made against him.—It is scarcely necessary to say that such testimony was inadmissible. It is the part of the witness to state facts which may be known to him, and from these facts the jury under the direction of the court find whether the

accused is guilty or not guilty. But it is desired that the opinion of this court should be made known, whether the testimony of a witness (since dead) which has been saved by the committing officer can be given in evidence on the trial of the accused, when that testimony is preserved in a proper manner: for it is suggested that the bill of exceptions does not truly represent the testimony preserved by the examining court. In England it has been decided that on an indictment for a rape, the deposition of a girl taken before a committing magistrate and signed by him may after her death be read in evidence at the trial of the prisoner, although it was not signed by her and she was under twelve years of age, provided she was sworn and appeared competent to take an oath.—Swifts digest, p. 125--6: to the same purposes is 1st. Starkie 97 and 2nd Russel on Crimes, 634--5. I am inclined to think on the authority of the books above cited that the testimony of a deceased witness taken, as that of Lebo, is stated to have been, ought to be received in evidence provided the subject matter itself be liable to no objection, as in case of the testimony of this same witness as represented in the bill of exceptions.

For the reasons above given the judgment of the circuit court ought in my opinion to be reversed, and Judge Mc-Girk concurring in that opinion it is accordingly reversed, and the cause will be remanded to be proceeded in conformably to this opinion.

*Margin:* AUGUST TERM 2839. Garrett, v, The State, judgment has not been pronounced upon him for an offence which disqualifies him as a witness. A witness cannot be permitted to state positively, that a party is not guilty of the offence charged against him, the witness must state facts, which are known to him, and from these facts, the jury, under the direction of the court, are to find whether the accused is, or is not guilty.

Appellants Brief.

"To reverse the judgment of the circuit court the appellant will insist upon the following points."

1. That the court erred in rejecting the evidence offered to prove what Polly Johnson had sworn and said in regard to the description of the appellant, see Norris Peake 275--6, 1st, Starkie evi. 144--5 3d, Starkie evi. (1753 5) 2d, Russell, on Crimes 577--581, Richard D. Tucker 'v Welsh 17 Mass Rep. 161.

2d. That the court erred in rejecting Young E. Miller as a witness, 2d Russell on Crimes, 543, 2d Starkie evi. 22 Eng. Com. L. Rep. xxi 471.

2d. That the court erred in rejecting the testimony of

what Lebo had sworn on the inquisition, see Swifts Digest 125–6, 1st, Starkie evi. 97, 4th Binn. Rep. 111, 15th, J. R. 539, 2d; Russell on Crimes 634–5, 1st, Phil. evi. 219 Eng. Com. L. Rep. III. 318."

"1. When a witness is asked on his cross examination, whether on a former occasion he has not made certain statements, and answers that he does not recollect having made such statements, evidence is inadmissible to prove that he did make such statements.

3. Starkie on evi. p. 1753, 4. The Queens' case Eng. Com. Law Reps. v 6. p. 130. Roscoe on evi. p. 141.

2. A party in the same indictment cannot be a witness for his co-defendant, until he has been first acquitted or convicted; and whether the defendants plead jointly or separately makes no difference, 10th John Rep. p. 94 6 Cowen p. 323, 1 Hales' P. C. 306, 6 Term Rep. p. 623."