Chouteau,
    v.
Eckert.

CHOUTEAU v. ECKERT.

Ejectment: Plaintiff claimed under, 1st, A concession from the Lt.' Gov. of Upper Louisiana, dated 26th Nov. 1801, founded on a former grant alleged to have been made in 1787, by the then Lt. Gov. of U. L. 2d, The proceedings of the board of commissioners, under the act of Congress of 1832 & 3, confirming said claim. 3d, The act of 4th July, 1836, and a survey by the U. S. under said act. The premises in controversy were part of the St. Charles commons, and defendant claimed under the inhabitants of that town. The court adhere to the decision made in Bird v. Montgomery, (6 Mo. R. 510,) viz: The confirmation by the act of 4th July, 1836, cannot prevail over the previous confirmation to the inhabitants of St. Charles by the act of 13th June, 1812.

Appeal from St. Charles Circuit Court.

*Lawless, Bogy and Hunton, for Appellants.*

The jury found a verdict for defendant. It is contended that the judge erred in the above instruction, in this:

1st. That a matter of law was left to the jury, to wit: whether a survey had been made by the authority, and under the orders of the Spanish lieutenant governor of Upper Louisiana, of lands for commons, so as to include the premises in controversy.

2d. That the above instruction *excludes from* the jury all consideration of the original grant of said land to the said plaintiff, and the confirmation of said grant, by the act of 1836, to plaintiff, by congress of the United States.

3d. That it is manifest from the above evidence spread on the record on each side, that:

1st. The government of Spain, nor any other in Upper Louisiana, granted *as commons* the said tract in question to the town of St. Charles, but on the contrary refused to grant that, or any other land to the town of St. Charles as commons.

2d. That said survey is not only not made under any authority of a Spanish lieutenant governor of Upper Louisiana, but in direct and manifest disregard and violation of the special order, and decree of that officer, touching the land adjacent to the town of St. Charles, and including the tract in controversy.

*3d.* That said instructions wholly disregard the treaty of cession, the law of nations, the decisions of the board of commissioners, the act of 4th July, 1836, and the survey of the plaintiff granted lawful property under said act.

The counsels for plaintiff will rely in argument on the treaty of cessions; the law of nations; the divers acts of congress; the act of 1812, sec. 1; the act of 1832; and 3d and 4th July, 1836; the decision of the United States supreme court, in 6 Peters, in the cases of Chouteau Delassus, Mackay and Soulard, on appeal from Judge Peck; and many other cases; and also that of Newman vs. Lawless, Mo. Rep. 5 vol. page 236.

### H. R. Gamble.

The documentary commons title is the same as in Bird's case; and I rely upon the decision in that case, and upon the general principles in relation to such titles, as contained, in my brief now before the court, in the case of Mackay's heirs v. Dillon.

### Opinion of the Court by Napton, Judge.

This was an action of ejectment to recover a tract of land lying near the town of St. Charles. The judgment of the circuit court was for the defendant.

The title of the plaintiff was as follows:

1st. A concession from the lieut. governor Delassus, dated 26th November, 1801, founded on a former grant, alleged by Chouteau to have been made by Cruzat in 1787.

2d. The proceedings of the board of commissioners under the act of 1832 & 3, by whom said claim was confirmed; and,

3d. The act of 4th July, 1836, and a survey by the United States under said act.

This claim had been rejected by the commissioners in 1810.

The defendant claimed under the inhabitants of the town of St. Charles. The claim to the commons of St. Charles,

2*

so far as it depends upon documentary evidence, is the same as that contained in the case of Bird v. Montgomery, 6 Mo. Rep. p. 510. The oral testimony of a witness was also taken, the substance of which was, that witness came to St. Louis in the winter of 1796, and to St. Charles in the winter of 1798. When he came to St. Charles, the town was surrounded by a fence. The witness, looking on the plat of the survey of the commons, said, that the claim of Spencer, under Rybolt, was granted to conform to the fence of the commons, and to have the fence of the commons as its northern line, and looking upon the plat of survey given in evidence by the plaintiff, says the whole of the land claimed by the plaintiff's claim, as laid down on that plat, was included in the commons fence, which was standing when he came here, and remained until after 1804.

After the evidence had been submitted, the court instructed the jury, that "if they believed from the evidence that the premises in controversy were included in the tract of land surveyed under the authority of the Spanish government, for the commons of the town of St. Charles, and held by the inhabitants of said town, and enclosed by them as their commons under the Spanish government, the plaintiffs cannot recover in this action."

Ejectment: Pl'tiff claimed under, 1st, a concession from the lt. gov. of Upper Louisiana, dated 23 Nov. 1801, founded on a former grant alleged to have been made in 1797, by the then lieut. gov. of U. L. 2d, The proceedings of the board of commissioners, under the act of congress of 1832 & 3, confirming said claim. 3d, The act of 4th July, 1836, and a survey by the U. S. under said act. The premises in controversy were part of the St. Charles commons, and defendant claimed under the inhabitants of that town. The court adhere to the decision made in Bird v. Montgomery, (6 Mo. R. 510,) viz: The confirmation by the act of 4th July, 1836, cannot prevail over the previous confirmation to the inhabitants of St. Charles, by the act of 13th June, 1812.

There seem to be no questions arising in this case, which were not involved in the case of Bird v. Montgomery, 6 Mo. R. 510. The oral testimony given in this case of the actual enclosure of these commons in 1798, and its continuance until after the change of government in 1804, may give some additional force to the title of the commons as against this plaintiff. The confirmation by the act of 4th July, 1836, cannot prevail over the previous confirmation in 1812.

Judgment affirmed.