# FERD BAUER ENGINEERING & CONTRACTING COMPANY, Appellant, v. ARCTIC ICE & STORAGE COMPANY, Respondent.

**St. Louis Court of Appeals. Argued and Submitted December 8, 1914. Opinion Filed January 5, 1915.**

1. **VERDICTS: Inconsistent Finding: Verdict on Claim and Counterclaim.** Where suit was brought on a contract for the stipulated price of doing certain work in accordance with its provisions and defendant denied that plaintiff was entitled to recover anything and filed a counterclaim for failure to do the work according to the requirements of the contract and within the time therein provided, a verdict in favor of plaintiff on its claim, and in favor of defendant on its counterclaim for an amount greater than the contract price for doing the work, is so inconsistent that it cannot be permitted to stand, since a verdict for plaintiff must necessarily be founded upon at least substantial compliance with the contract by it, while, on the other hand, defendant's right of recovery on the counterclaim depends upon a finding that plaintiff failed to substantially perform the contract.

2. **APPELLATE PRACTICE: Errors Presumptively Prejudicial.** The broad presumption is, that errors of the trial court are prejudicial, and it devolves upon the person asserting their harmlessness to show such fact affirmatively, otherwise the presumption will prevail; but this rule does not obtain where it affirmatively appears that the error is so inconsequential as not to have prejudiced the party against whom it was committed.

3. **BUILDING CONTRACTS: Breach: Damages: Minimization: Excessiveness of Recovery.** In an action to recover the balance due on the stipulated price of $1300 for erecting a structure in accordance with the provisions of a contract, where defendant set up a counterclaim in which it asked for damages for failure of plaintiff to do the work according to the requirements of the contract and within the time therein provided, *held* that the evidence did not make it appear that defendant suffered damages to the amount of its recovery on the counterclaim— $1478.71; *held, further*, that defendant did not seek to minimize the damages, as it was required by law to do.

4. **DAMAGES: Breach of Contract: Minimization.** It is the duty of one injured by the breach of a contract to minimize the damages.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED.

*Wilfred Hearn* for appellant.

(1) The court erred in giving instruction number 4 of its own motion—(a) Because under the pleadings there could not be a recovery in favor of plaintiff on the cause of action set out in count 1 of plaintiff's petition, and at the same time a recovery in favor of defendant on its counterclaim. Johnson v. LaBarge, 46 Mo. App. 433. (b) Plaintiff recovered on a special contract, not on a *quantum meruit.* A recovery of *quantum meruit* cannot be had on a count of special contract. Rude v. Mitchell, 97 Mo. 365; Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98; Cole v. Armour, 154 Mo. 336; Davis v. Drew, 132 Mo. App. 503. (2) The court erred in receiving the verdict of the jury and entering the same of record, because the verdict was inconsistent and contradictory. Johnson v. La-Barge, 46 Mo. App. 433.

*Fry & Rodgers* for respondent.

(1) In an action on contract it is proper for defendant, if he has been damaged by a breach of the contract but retains and uses the article or thing for which he owes, to set up his damage by way of counterclaim. Boetler v. Roy, 40 Mo. App. 234; Hay v. Short, 49 Mo. 139; Brown v. Weldon, 23 Mo. App. 263; Johnson v. O'Shea, 118 Mo. App. 287; Manufacturing Co. v. Mission, 174 Mo. App. 723; Ritchie v. Hayword, 71 Mo. 560; State, etc., v. Modrell, 15 Mo. 424; McAdow v. Ross, 53 Mo. 199. (2) The fact that the appellant did not complete the work within the time limited therefor by the contract, nor do all of it ac-

cording to the contract, does not preclude it from suing on the contract when respondent has accepted and used the tower. But respondent can counterclaim the damages sustained by it by reason of the contractor's failure to comply with the contract. Blakely v. Neil's Lumber Co., 141 N. W. 179; Cummings v. Pence, 27 N. E. 631; Campbell v. Summerville, 114 Mass. 334; 3 Elliott on Contracts, sec. 2112; Railroad v. Clanton, 31 Am. 15; Mears v. Nichols, 89 Am. Dec. 381; Yeamans v. Parker, 63 N. W. 316; Glennon v. Lebanon Mfg. Co., 12 L. R. A. 321; Natural Gas Co. v. Healy, 10 S. E. 56. (3) The whole tendency of modern jurisprudence is to enlarge the scope of set-off or counterclaim and, where possible, settle all disputes in one suit. Nelson v. Troll, 173 Mo. App. 67; Railroad v. Zant Imp. Co., 6 L. R. A. (N. S.) 1058; 34 Cyc. 629, 644, 645, 682.

REYNOLDS, P. J.—Plaintiff, appellant here, brought its action against defendant to recover $678.71, claimed to be the balance due for the erection of a cooling tower, for which, upon the erection and completion of the same according to the contract and specifications, defendant was to pay plaintiff $1300. Averring that the tower had been erected and completed according to the contract evidenced by a proposal and specifications set out in the petition, and that defendant had paid $621.29 on account of the contract price, plaintiff demanded judgment for the balance together with interest and costs.

After a general denial of all the allegations in the petition, the answer of defendant sets up a counterclaim averring that according to the contract, the tower was to be erected and the work on it completed so that it would operate by April 5, 1911, and that it had not been completed until some time in November, 1911, and alleging various defects in it, defendant claims that it has suffered damage by reason of plaintiff's failure to comply with the terms of the con-

tract, in the sum of $2040, for which it demands judgment.

Replying to this by a general denial of the averments of this part of the answer, the reply avers that after the erection of the cooling tower in controversy, plaintiff was notified by defendant that the tower was defective and did not operate in accordance with the terms of the contract, and that thereupon plaintiff offered to remedy whatever defects there were in the tower but that defendant had refused to allow plaintiff to make these corrections until about the month of November, 1911.

There was a trial before the court and a jury and a verdict in favor of plaintiff on the cause of action set out in its petition in the sum of $678.71, and a verdict in favor of defendant on its counterclaim in the sum of $1478.71. Judgment, by *nunc pro tunc* entry, correcting the original judgment, was entered in favor of defendant for $800, the difference between the amount awarded plaintiff on its cause of action and that awarded defendant on its counterclaim. Interposing a motion for a new trial and excepting to the action of the court in overruling that motion, plaintiff has duly perfected its appeal to this court.

The only errors assigned by counsel for appellant are on the fourth instruction given to the jury by the court of its own motion, to the action of the court in receiving the verdict of the jury and entering it of record, and in overruling defendant's motion for a new trial.

That fourth instruction is as follows:

"If the jury find in favor of plaintiff on the cause of action set out in count one of plaintiff's petition, and also find in favor of defendant on its counterclaim, the verdict may be written in the following form:

"We the jury find in favor of plaintiff on the cause of action set out in count one of plaintiff's peti-

tion and we assess the amount of plaintiff's recovery on the counterclaim at the sum of

(Insert the amount.)

'We further find in favor of defendant on defendant's counterclaim and we assess the amount of defendant's recovery on the counterclaim at the sum of

(Insert the amount.)' "

It is argued that this instruction is misleading; that it misled the jury into returning an inconsistent verdict and is contradictory. While the only error assigned is to the giving of this fourth instruction and to the action of the court in receiving the verdict in the form given, we have examined the other instructions given at the instance of plaintiff and defendant. In effect, the jury were instructed that if plaintiff had performed the work under the contract within a reasonable time after entering into the contract, their verdict should be for plaintiff for the contract price, less any sum they found had been paid by defendant. The court further instructed the jury that if they found from the evidence that after the tower in controversy had been erected, defendant began the use and occupation of it and thereafter discovered defects therein which could have been remedied, and that defendant neither caused the defects to be remedied nor permitted plaintiff to remedy them, but continued the use and occupation of the tower to its damage, defendant would not be entitled to recover on its counterclaim for any damage sustained after the defects were discovered, which damage could have been avoided by the correction of the defects; and if they found that plaintiff had erected the tower within a reasonable time after being employed to do so, and that within a reasonable time after notice of the failure of the tower to conform to the contract, had offered to make it conform thereto, but that defendant would not permit plaintiff to do so until on or about November 15, 1911, and that on that date plaintiff did repair the

tower and make it conform substantially to the contract, then their verdict should be for plaintiff for the amount of the contract price less whatever the jury found had been paid thereon. These instructions were given at the instance of plaintiff.

At the instance of defendant the court instructed the jury that the parties had entered into the contract attached to the petition and read in evidence. Summarizing what the contract obligated the plaintiff to do, the court instructed the jury that if they found from the evidence that defendant complied with and discharged the duties and obligations imposed upon it by the contract and that plaintiff failed to comply with the duties and obligations imposed upon it and that defendant was damaged by plaintiff's failure to comply with the terms of the contract, they should find for defendant on its counterclaim, assessing the damages on its counterclaim as explained in other instructions.

The third instruction particularized the items for which defendant might be allowed on its counterclaim.

With these instructions before it and in the light of the evidence in the case, so far as it is presented, the appellant in its abstract stating that there was evidence introduced by each party tending to support the allegations of their several pleadings, and the respondent, by an additional abstract, setting out what it considered the most material evidence in detail, we cannot say that this verdict is not so inconsistent as to warrant a reversal of this case, and we are bound to say that with this evidence before us, we are unable to understand the verdict and apply to it that evidence.

The petition was in two counts, one upon the contract and the other in *quantum meruit*. The latter was abandoned, leaving the action on the contract. Hence a recovery could be had by plaintiff only upon a finding that plaintiff has at least substantially performed the contract. While this does not mean that a recov-

ery is to be denied for failure to comply with the contract with respect to trivial or nonessential matters, it certainly must mean that it must be found that there was substantial performance. [Boteler v. Roy, 40 Mo. App. 234, 1. c. 238.]

On the other hand, defendant's right of recovery on the counterclaim interposed depends upon a finding that plaintiff failed to perform the contract whereby the damages accrued to defendant which are sought to be recovered by way of counterclaim.

Any verdict for plaintiff for the balance claimed to be due upon the contract must necessarily be founded upon at least substantial performance of the contract by plaintiff; while on the other hand the verdict for defendant on its counterclaim must necessarily be founded upon a failure of plaintiff to substantially perform the contract whereby the damages awarded defendant were occasioned.

We are unable to see how these two findings can be permitted to stand; for they are altogether contradictory and self-destructive. The verdict is evidently the result of a misconception on the part of the jury of the issues of fact to be tried by them, and their failure to comprehend the instructions given by the court. As to this the case of Johnson v. Labarge, 46 Mo. App. 433, appears to be directly in point. So too is Ruth v. McPherson, 150 Mo. App. 694, 131 S. W. 474, and Barr & Martin v. Johnson, 170 Mo. App. 394, l. c. 398, 155 S. W. 459, where Judge STURGIS, speaking for the Springfield Court of Appeals, has said: "Under the facts in this case it would not be possible for a jury to find for plaintiffs on the theory that they had complied with the contract and yet award damages to the defendants for their failure to comply with such contract."

In this case as in Johnson v. Labarge, supra, either party might have appealed upon the ground that it was prejudiced by the verdict; for the plaintiff might

well take the position, as it does here, that since the jury found that it had substantially performed the contract, it was entitled to recover, and to have no damages awarded against it on the counterclaim; while on the other hand defendant might, with equal propriety, take the position that since the jury had found that plaintiff had breached the contract, defendant was entitled to its damages for the breach without the same being cut down by the amount awarded plaintiff.

Where, as here, the verdict of the jury is not responsive to the pleadings, is in the very teeth of the instructions, and altogether fails to resolve the issue of fact presented to the jury, it appears that either party may justly assert that he is prejudiced thereby in that he had not had a trial and a finding upon the issues in the case. The broad presumption is, that errors of the trial court are prejudicial, and that it devolves upon the parties asserting their harmlessness to show such fact affirmatively, otherwise the presumption will prevail. [See Hatch v. Bayless, 164 Mo. App. 216, l. c. 223, and cases there cited; 146 S. W. 839.] The apparent exception to this is where it affirmatively appears that the error is so inconsequential as not to constitute prejudicial or reversible error. [Shinn v. United Rys. Co., 248 Mo. 173, l. c. 182, and cases there cited; 154 S. W. 103.] We are unable to see that such can be said to be true here. Every litigant is entitled to have the real issues of fact in his case actually resolved by those who sit in judgment thereupon, and is not compelled to abide by the verdict which attempts to resolve those issues both in his favor and in that of his adversary.

Here it appears that the contract price for the erection of the tower in question was $1300; $621.29 was paid on that and plaintiff sues for the balance of $678.71. As the record now stands it is denied any further recovery, and there is a judgment against it for $800. If this is permitted to stand, plaintiff not

only receives nothing for the erection of the tower, but is compelled to pay defendant $178.71 in addition, though the evidence in the record does not make it appear that defendant suffered damages to the extent of $1400 for which it ought to be compensated. It further appears, that defendant did not seek to minimize the damages as the law requires that it should have done.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Allen, JJ.,* concur.