RALPH S. ROUNDS, EUGENE H. HATCH, FRANK A. DILLINGHAM, THOMAS M. DEBEVOISE and ROBERT G. MEAD, Respondents, v. WILLIAM B. STRANG, Defendant and Appellant, STRANG GAS-ELECTRIC CAR COMPANY, Defendant.

Kansas City Court of Appeals, October 4, 1915.

1. **ATTORNEY AND CLIENT:** **Joint Contracts:** **One Cause of Action.** An individual and a corporation, each having independent rights, employed the same firm of attorneys to represent their respective interests in court. Failing to obtain pay for their services the attorneys brought suit against both parties. It was *held* that as the evidence disclosed a joint employment the demurrer to the evidence was properly overruled.

2. ————: **Joint Contracts.** One, who sues two or more defendants upon a joint contract, shall not be nonsuited as to any defendant who, as the proof shows, was a party to the contract, though the proof fails as to the remaining defendants.

Appeal from Jackson Circuit Court.—*Hon. Joseph A. Guthrie*, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for respondents.

*Bowersock, Hall & Hook* and *Robert B. Fizzell* for appellant.

JOHNSON, J.—Plaintiffs, a firm of lawyers in New York, sued defendants Strang and the Strang Gas-Electric Car Company, a corporation, in the circuit court of Jackson county on January 10, 1913, upon an account for professional services rendered and for money expended at the joint request of defendants.

The total charge for the services, which were rendered between May, 1908, and August, 1911, was $2650 and the disbursements amounted to $98.84. Defendants were credited with a payment of $200 on August 11, 1910, and with another of $500 on November 17, 1910, which left a remainder of $2048.84 due on the account for which plaintiffs prayed judgment, together with interest from November 21, 1910, the date on which payment was demanded. The defendant car company filed no answer and made no appearance at the trial. Strang, in addition to a general denial, answered that the petition "improperly unites an alleged cause of action against this defendant with an alleged cause of action against the Strang Gas-Electric Car Company," the support for this defense being the alleged fact that "a part of such services were rendered for and in behalf of this defendant and at his instance and request and not for or in behalf of the Strang Gas-Electric Car Company or at its instance or request and a part of such services were rendered for and in behalf of the Strang Gas-Electric Car Company and at its instance and request and not for or on behalf of this defendant or at his instance or request." The reply was a general denial.

At the close of the evidence the court refused the request of Strang for a peremptory instruction and in the instructions given at the request of plaintiffs directed the jury to return a verdict for them against the car company for the reasonable value of the services rendered and the disbursements in connection therewith and also to find against the defendant Strang if

they believed from the evidence that plaintiffs "rendered any services referred to in the evidence for him or for him jointly with the car company." The jury returned a verdict against both defendants in the sum of $2473.38, "to be equally divided between the two defendants W. B. Strang and Strang Gas-Electric Car Co.," but the court refused to receive that verdict and afterward the jury returned a verdict in the same amount against both defendants. Strang filed motions for a new trial and in arrest of judgment which were overruled and he appealed.

The statement of account filed with the petition contained a number of items for services rendered but only two were submitted to the jury, the others being withdrawn by an instruction given at the request of plaintiffs. The two submitted related respectively to two actions in the courts of New York in which plaintiffs were the attorneys of both defendants.

There is no controversy over the facts of the employment of plaintiffs, of the performance of the services for which compensation is demanded, and of the reasonableness of the charges for such services in the account in suit, but defendant Strang contends that he and the car company employed plaintiffs separately, that he is improperly charged with services rendered to the car company under its independent contract with plaintiffs, and that plaintiffs are not entitled to maintain an action upon a joint contract, the practical result of which would be to hold him liable for services which he did not employ plaintiffs to perform at his charge.

Plaintiffs were the general attorneys of Strang who was interested in a number of railway and manufacturing corporations, among which was the Strang Gas-Electric Car Company, a New Jersey corporation, engaged in the manufacture of cars at Garwood, New York. Strang was the president of this company, owned practically all of its stock and was in absolute

control of its business and affairs. He had other interests in the West to which he devoted personal attention and the active management of the business of the car company was entrusted to its vice president and secretary who recognized Strang as the real head of the business whose orders they were bound to obey.

In 1908, John S. Mahon, as trustee in bankruptcy of the Fischer Motor Vehicle Company, brought suit in the United States Circuit Court at New York against Strang and others, praying that certain transfers of patent rights be set aside. Strang had granted the defendant car company the sole right to operate the patented articles on rails and the exercise and enjoyment of this grant was the chief business of the car company. At the request of Strang, plaintiffs filed answer for him and took charge of the defense of the suit. Afterwards Mahon amended his bill making the car company a party defendant. Pursuant to a request from its vice president, plaintiffs entered the appearance of the car company and filed an answer but on instructions from the succeeding vice president, procured the dismissal of the company from the suit on jurisdictional grounds. Afterward the suit was dismissed as to Strang. The services rendered in the defense of this suit constitute the first item of the account under consideration.

The second item involved services in the defense of what is called the Nevins suit. The car company, through its vice president, had procured a loan of $20,000 from Nevins and had secured the repayment of the loan with real estate mortgages on its plant and with the pledge of bonds of the company of the par value of $100,000, which were owned by Strang and were loaned by him to the company for the purpose of being thus hypothecated. The loan remaining unpaid, Nevins finally became impatient and demanded payment by a stated time, with a threat to sell the pledged bonds if default occurred. Both Strang

and the car company were unable to comply with this demand and plaintiffs were employed by the vice president to avert the impending disaster. Strang was in Kansas City at the time but was advised of the situation and in answer to a telegram of advice from plaintiffs, instructed them to bring an injunction suit for him as plaintiff to restrain the sale of the collateral on the ground that the bonds belonged to him, were loaned by him to the car company to be pledged and were pledged as secondary security for the Nevins loan and that the pledge could not be foreclosed until after the primary security—the real estate mortgage —had been exhausted. Following this instruction plaintiffs began an injunction suit in the Supreme Court of New York on behalf of Strang and the car company as plaintiffs and procured a temporary writ of injunction which had the effect of preserving the collateral until the car company succeeded in raising the money to discharge the loan when the suit was dismissed by stipulation of counsel. Plaintiffs rendered a bill for these services to Strang, made out to him and the car company, and repeatedly urged payment. Strang did not question the correctness of the bill or the reasonableness of the charges nor claim that he and the car company were not jointly liable until immediately before this suit was brought when he wrote plaintiffs that "this is a car company matter," —in effect denying that any of the services were rendered to him personally.

Though the car company, in reality, was merely the incorporation of one of Strang's business enterprises, we will regard it as a separate legal entity in our discussion of the demurrer to the evidence which Strang contends should have been given. If, in fact, Strang and the corporation, each having independent rights, separately employed plaintiffs to represent their respective interests in court, no inference could arise from the mere fact of their employment of the same

lawyers, that they had made a joint contract by which each became jointly and severally liable for the entire service to be rendered to both. If two separate contracts of employment were made as to each suit, the one by Strang and the other by the car company, the services performed under each became a separate and distinct cause of action and the two causes properly could not be merged into one against both employers, nor united in the same action. [Sec. 1795, R. S. 1909; Moore v. Platte County, 8 Mo. 67; Doan v. Holly, 25 Mo. 357; Jamison v. Culligan, 151 Mo. 410; Manufacturing Co. v. Gerardi, 166 Mo. 142; Fawcett v. Fell, 77 Pa. St. 308; Benson v. Battey, 70 Kans. 288; Spencer v. Waterworks etc. Co., 118 Fed. 921.] Under our statutes (Secs. 2769-2772, R. S. 1909) providing that contracts which at common law were joint only, shall be treated as joint and several, it is ruled that a plaintiff who sues two or more defendants upon a joint contract shall not be nonsuited as to any defendant who as his proof shows, was a party to the contract, though his proof fails as to the remaining defendants. [Bagnell v. Railway, 242 Mo. 11.]

But this rule, of course, could not be applied to hold a defendant liable upon a contract to which he was not a party and the present judgment could not be suffered to stand in the absence of proof that all of the services included in both items of the account were performed under contracts with Strang which imposed liability upon him to pay for all of the services rendered either as the sole obligor or as joint obligor with the car company.

The evidence as a whole abundantly supports the inference of joint employment of plaintiffs by Strang and the car company in the Mahon and Nevins cases. Their interests in the two suits were substantially identical, the loss of either suit by either of them would have entailed a serious pecuniary loss upon the other, regardless of Strang's interest in the company

as a stockholder, and all of the facts and circumstances in evidence (the details of which we have not deemed it important to recount) disclose an instance where two parties in the same situation with respect to the subject-matter of an action jointly employ a lawyer to represent them. The action of the trial court in overruling the demurrer to the evidence offered by Strang must be sustained on the ground that the evidence of plaintiffs discloses a joint employment.

We have sufficiently answered objections urged against the instructions. The liability of each defendant being joint and several, the court properly refused to receive the first verdict which attempted to split the fees between the two defendants so that each would be adjudged to pay only a moiety. There is no prejudicial error in the record and the judgment is affirmed.

All concur.