NATIONAL CASH REGISTER COMPANY, RESPONDENT, v. LOUIS KAY AND ALFRED KAY, CO-PARTNERS, DOING BUSINESS AS KAY'S DEPARTMENT STORE; LOUIS KAY, APPELLANT (DEFENDANTS).—93 S. W. (2d) 260.

St. Louis Court of Appeals. Opinion filed April 7, 1936.

*Terry, Terry & Terry* for defendant and appellant, Louis Kay.

1048

*Sheridan, Sheridan & Robertson* and *Hugh D. McCorkle* for respondent.

BECKER, J.—Plaintiff corporation in its original petition sued the defendants, Louis Kay and Alfred Kay, as co-partners trading and doing business as Kay's Department Store, at Festus, Missouri, alleging a balance due plaintiff of $1270 on a sale by it and purchase by defendants of a cash register. The separate answer of the defendant Alfred Kay admits the corporate capacity of plaintiff and specifically denies that he and the defendant Louis Kay were partners, and admits that he signed the written instrument which formed the basis of the purchase and sale of the cash register, but that said signing was caused by the false, fraudulent, and untrue statements of plaintiff's agent to the effect that plaintiff's agent told him that Louis Kay (his father) had ordered the cash register in question and had instructed plaintiff's agent to tell him to sign an order for the cash register; that he did so and paid $45 in cash at the time of the signing of the contract, and $100 in cash on the arrival of the register, and agreed to execute notes for the balance of the purchase price, namely, $1200 in twenty-four monthly payments of $50 each, and turn over an old cash register on the basis of $70 credit therefor.

Further answering said defendant stated that under the terms of the written agreement the cash register did not become the property of either of the defendants but remained the property of the plaintiff until the execution and delivery of a chattel mortgage thereon and the payment of the full price of $1415 had been paid; that up until the full payment had been made for the cash register the register was the absolute property of plaintiff; that this defendant was the

mere bailee of plaintiff and that if he is liable to the plaintiff under the terms of the contract of sale it is only as a conditional purchaser; that plaintiff had accepted and received in cash $145 to be applied on the purchase price; that under the law relating to conditional sales, plaintiff is only entitled to retain such an amount of said sum as plaintiff has been injured by the conditional sale not to exceed twenty-five per cent thereof, which in the instant case would be $36.20; and that plaintiff is unlawfully withholding the difference, $108.75, from said defendant, for which sum he asks judgment.

The answer of the defendant Louis Kay denies the alleged partnership of the defendants, and denies that he executed or authorized any one else to execute the written instrument sued upon herein, and states that the plaintiff left the cash register on his premises on thirty days' trial with the right in this defendant to purchase the cash register if the same proved satisfactory to him, upon the terms and conditions set out in plaintiff's petition; that at the expiration of the thirty days he returned the cash register to plaintiff but that, without the knowledge or consent of this defendant "there was paid by the clerks of defendant to plaintiff the sum of $145 in violation of the understanding and agreement between plaintiff and defendant with regard to said register, and that plaintiff has wrongfully had, received, and converted to its own use the said $145, for which he prays judgment.

The reply to each of the answers of each of the defendants was a denial of the new matter set up therein.

The record discloses that at the close of, and prior to the submission of the case to the jury, plaintiff, by leave, filed an amended petition in which the allegation that the defendants were partners doing business under the name of Kay's Department Store was omitted, and in lieu thereof it is alleged that the "defendant Louis Kay is the owner, who together with defendant Alfred Kay, who is assisting him in the management and operation of a store which he is conducting in the name of Kay's Department Store . . . on the 5th day of February, 1932, plaintiff entered into a contract in writing with the defendant Louis Kay, acting as Kay's Department Store in the making of which he and defendant Alfred Kay conferred and collaborated together and plaintiff alleges that said contract was entered into as a joint enterprise, but if not it was the sole contract of defendant, Louis Kay, but which was finally signed Kay's Department Store by Alfred Kay;" by the terms of which contract plaintiff agreed to sell and defendants agreed to buy and did buy a certain cash register described in said contract, for the agreed price of $1450, payable $40 in cash, $100 in cash on delivery and installation of the cash register, and a note for $1200 payable in monthly installments of $50 each, to be secured by a chattel mortgage on the cash register, and an old

1052

cash register for which defendants were to be allowed $70. Then follows the usual allegations that defendants accepted the cash register in accordance with the terms of the contract and had paid $100 on the delivery of the same in addition to the cash payment of $40 paid upon the signing of the contract, leaving a balance due of $1270, for $1200 of which the defendants gave an installment note calling for monthly payments of $50 each, which had provisions therein anticipating the maturity in the event of the default in the payment of any of the installments, and that defendants executed a chattel mortgage on said cash register to secure said note, but that the defendants failed to turn over the old cash register and failed to pay in lieu thereof the sum of $70; "that the defendants and each of them have wholly failed to make the said monthly payments and have never turned over the old cash register, and that on the 19th day of May, 1932, the defendant, without permission of the plaintiff or any one authorized by it, left the new cash register at the office of plaintiff in St. Louis; that the plaintiff immediately notified defendants that they would not accept the return of the register but would hold the same subject to their order." Then follows a prayer for judgment in the sum of $1270.

The defendants objected to the filing of the amended petition on the ground that "the amended petition failed to state facts sufficient to constitute a cause of action, and for the further reason that it is a change in the form of the petition, the original petition being based on a written contract, and the amended petition changes the cause of action from one on conditional sale to one on a promissory note." This objection was overruled and an exception to the same duly saved.

The jury returned a verdict in favor of plaintiff and against the defendant Louis Kay in the sum of $1270, and also found the issue on the counterclaim of said defendant Louis Kay in favor of plaintiff. The verdict did not in terms dispose of plaintiff's action against the defendant Alfred Kay, but did find for plaintiff on said defendant Alfred Kay's counterclaim. The defendant Louis Kay alone in due course appeals.

We take up first the complaint that the amended petition filed by plaintiff at the close of the case was a departure from the cause of action set up in the original petition. The point is without merit.

Plaintiff, by its original petition as well as the amended petition, seeks to recover the balance of the purchase price due on the sale by plaintiff of a cash register to the defendants. Each of the petitions sets out the terms of an alleged conditional sales contract, and alleges the performance thereof on the part of plaintiff, and a breach thereof by defendants in their failure to pay certain monthly installments, and the failure to deliver to plaintiff an old cash register in the possession of the defendants. Neither of these petitions alleges the taking

of possession of the cash register under the original conditional sales contract, nor a taking under the chattel mortgage of the cash register, which was given to secure the note for the balance of the purchase price. Each of the petitions alleges that the defendant had the new cash register "delivered back" to plaintiff without its permission; that the plaintiff immediately notified defendants that it would not accept such return but that it was holding the cash register subject to defendants' order.

The theory of plaintiff's case in the amended as well as in its original petition is that it confirmed title in defendants and sued for the balance of the purchase price. Under the admitted terms of the contract of sale the entire balance of the purchase price became due and payable if any monthly installment due upon the note secured by the chattel mortgage on the cash register was not paid. In this situation the seller, upon default in any such payment, had the right to elect whether he would sue on the contract or upon the note. [See Twentieth Century Mach. Co. v. Excelsior Springs, etc., Co., 273 Mo. 142, 200 S. W. 1079; Amer. Law Book Co. v. Brewer (Mo. App.), 213 S. W. 881.]

Nor does the fact that the original petition sought to recover against defendants as partners, whereas the amended petition omitted the allegation that the defendants are partners, avail the appellant in his charge of variance.

Section 961, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 961, p. 1234), which provides that in all actions founded on contract and instituted against several defendants, the plaintiff shall not be nonsuited by reason of his failure to prove that all the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto, has been construed to apply to actions against persons as partners. [Bagnell Timber Co. v. R. R. Co., 242 Mo. 11, l. c. 22, 145 S. W. 469; Seibel v. Crim (Mo. App.), 7 S. W. (2d) 302; Crews v. Lackland, 67 Mo. 619; Finney v. Allen, 7 Mo. 16; Hodel-Mutti Mfg. Co. v. Ham, 112 Mo. App. 718, 87 S. W. 608.]

Again, section 2956, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 2956, p. 1823) provides that in all cases of joint obligation and joint assumptions of co-partners or others, suits may be brought and prosecuted against any one or more of those who are so liable. [Bagnell v. R. R. Co., supra; Rounds v. Strang, 192 Mo. App. 568, 180 S. W. 1069; Tirry v. Hogan, 181 Mo. App. 48, 163 S. W. 873.]

Since we hold that plaintiff's action is a suit for the balance of the purchase price on the cash register sold to the defendants, by which action the title to the property is confirmed in the defendants, and is not a suit upon a note secured by chattel mortgage, the petition was not demurrable for not alleging a refund of part of the purchase

price as is required under section 3126, Revised Statutes of Missouri, 1929 (Mo. St. 'Ann., sec. 3126, p. 1965), which provides that the vendor before taking possession of property which has been sold under a conditional sales contract with title to the same remaining in the vendor until the purchase price shall have been paid, shall refund to the purchaser such money as may have been paid on the purchase price after deducting a reasonable compensation for the use thereof not to exceed twenty-five per cent of the amount so paid. [Conn Co. v. Orr, 150 Mo. App. 705, 131 S. W. 765.]

Appellant urges that the trial court erred in not giving his instruction in the nature of a demurrer offered at the close of plaintiff's case and again at the close of the whole case, for the reason that no evidence was introduced that any note secured by chattel mortgage had been signed by appellant Louis Kay, and that no note or chattel mortgage was introduced in evidence.

As to the signing of the note and chattel mortgage, the record does show that testimony was adduced bearing on that point. The defendant Alfred Kay directly testified that he himself had not signed the note and chattel mortgage but that it had been signed by defendant Louis Kay, appellant here. It is true that neither the note nor the chattel mortgage was introduced in evidence, but this was not necessary since, as we have ruled above, plaintiff's cause of action was for the balance of the purchase price of the cash register sold to the defendants, and not a suit upon the note for the balance of the purchase price, secured by the chattel mortgage. The point is ruled against appellant.

In light of what we have ruled above plaintiff must be held to have made out a case for the jury and therefore the demurrer offered at the close of the case was properly ruled.

Appellant, in his motion for new trial and in his motion in arrest of judgment filed below and again here on this appeal, insists that error prejudicial to the rights of the appellant inheres in the verdict of the jury in that it did not dispose of all of the issues in the case. The point is well taken.

The rule is well established that the verdict of the jury in civil cases must be responsive to the issues made by the pleadings, and must find all of the issues submitted either for or against the parties between whom the issues were raised, and that where the verdict of the jury fails to find all that there is in issue between the parties, the verdict is fatally defective and such defect is a substantial and reversible error. [Hughey v. Eyssell, 167 Mo. App. 563, 152 S. W. 434; Winkelman v. Maddox, 119 Mo. App. 658, 95 S. W. 308.]

Plaintiff's amended petition seeks to recover judgment against both defendants for the balance due upon the sale of a cash register to said defendants. Each of the defendants, in addition to his answer,

set up a counterclaim. The verdict of the jury however, so far as the plaintiff's cause of action in the case is concerned, found in favor of plaintiff and against the defendant Louis Kay alone, but did not dispose of plaintiff's cause of action as to the other defendant Alfred Kay, yet the verdict did find for plaintiff and against each of the defendants on his separate counterclaim.

The failure of the jury in their verdict to have passed upon plaintiff's cause of action so far as it relates to defendant Alfred Kay cannot, under the pleadings and the testimony in the instant case, be said to fall within the exception to the above stated rule where "it is apparent upon viewing the form and language of the verdict in the light of the pleadings and the proof, that the jury did consider and pass upon all the issues, where from the whole record the conclusion is irresistible that the jury did consider and determine all the issues presented by the pleadings, the verdict is good although it does not specifically mention each issue," which exception to the rule is supported by cases such as Cogsgrove v. Stange, 194 Mo. App. 14, 183 S. W. 691; Nowell v. Mode, 132 Mo. App. 232, 111 S. W. 641; Dement v. McNail (Mo. App.), 4 S. W. (2d) 831, 1. c. 833; Hughes v. Ry. Co., 309 Mo. 584, 274 S. W. 703; State v. Turpin, 332 Mo. 1012, 61 S. W. (2d) 945; United Iron Works v. Twin City Cream Co. (Mo.), 295 S. W. 109; Bollinghausen v. Ade, 289 Mo. 362, 233 S. W. 39.

It must be remembered that here the appealing defendant, Louis Kay, contended that he had not told the agent for plaintiff that they should consult his son, the defendant Alfred Kay, with reference to the purchase of the cash register, but that plaintiff, through its agent, merely placed the cash register in his store on thirty days' trial; that he knew nothing of the alleged purchase of the cash register, nor was he aware of the fact that $145 had been paid on account of said purchase until long after such alleged payments had been made; and in his testimony he went so far as to say that "it looked to me like my son and Mr. Storck (plaintiff's agent) was trying to put something over on me. . . ." The defendant Louis Kay clearly put in issue and was entitled to have a verdict of the jury whether or not the defendant Alfred Kay was liable on plaintiff's cause of action for the balance of the purchase price of the cash register.

It must be borne in mind that the requested instruction in the nature of a demurrer offered by each of the defendants at the close of the case was overruled, and that thereupon the case was submitted to the jury not alone upon plaintiff's requested instruction, but also upon instructions given at the request of the defendants which submitted to the jury not only the issue of the counterclaim of each of the defendants, but also the issue of plaintiff's cause of action against each of the defendants. We note further that in plaintiff's instruction which covered the entire case and directed a verdict, one of the pre-

requisites to a finding for plaintiff is that the jury find and believe "that *defendants paid* the sum of $45 cash and the further sum of $100 when the said register was installed, if so, and executed and delivered to plaintiff a note for $1200 payable in installments of $50 per month . . . and secured the same by a chattel mortgage on said cash register. . . ." It will be observed that despite the requiring of this prerequisite to a finding of a verdict in plaintiff's favor, the jury in their verdict, though they found for plaintiff on its cause of action against defendant Louis Kay alone, yet found against the defendant Alfred Kay on his counterclaim for the return of the very $145 which according to plaintiff's instruction, they must have had to find had been paid by *both* defendants before they could find for plaintiff at all.

Under the facts in the instant case the failure of the jury to dispose of the issue of plaintiff's cause of action against the defendant Alfred Kay must be held to have been error prejudicial to the rights of the appealing defendant Louis Kay.

It follows that the judgment should be reversed and the cause remanded. It is so ordered. *Hostetter, P. J.,* and *McCullen, J.,* concur.